**131 Nev., Advance Opinion 10**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; AND DOUGLAS C. GILLESPIE,<br>Appellants,<br>vs.<br>BLACKJACK BONDING, INC.,<br>Respondent. | No. 62864 |
| BLACKJACK BONDING, INC.,<br>Appellant,<br>vs.<br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; AND DOUGLAS C. GILLESPIE,<br>Respondents. | No. 63541 |

**FILED**

MAR 05 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK



Consolidated appeals from a district court order granting in part a writ of mandamus to compel compliance with a public records request and a post-judgment order denying a motion for attorney fees and costs. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

*Affirmed in part, reversed in part, and remanded.*

Olson, Cannon, Gormley, Angulo & Stoberski and Thomas D. Dillard, Jr., Las Vegas,
for Las Vegas Metropolitan Police Department and Douglas C. Gillespie.

Armstrong Teasdale, LLP, and Tracy A. DiFillippo and Conor P. Flynn, Las Vegas,
for Blackjack Bonding, Inc.

Josh M. Reid, City Attorney, and Michael J. Oh, Assistant City Attorney, Henderson,
for Amicus Curiae City of Henderson.

15-06884

Staci J. Pratt and Allen Lichtenstein, Las Vegas,
for Amicus Curiae American Civil Liberties Union of Nevada Foundation.

---

BEFORE PARRAGUIRRE, SAITTA and PICKERING, JJ.

*OPINION*

By the Court, SAITTA, J.:

The Nevada Public Records Act (NPRA) requires governmental agencies to make nonconfidential public records within their legal custody or control available to the public. NRS 239.010. It also entitles a requester who prevails in a lawsuit to compel the production of public records to recover reasonable attorney fees and costs. NRS 239.011.

In the present case, a private telecommunications provider contracted with Clark County to provide telephone services to inmates at a county jail and to make records of the inmates' calls available to the governmental agency operating the jail. At issue here is whether (1) this information was a public record within the agency's legal custody or control and thus subject to disclosure and (2) the requester of this information was entitled to recover attorney fees and costs. We hold that this information is a public record because it concerns the provision of a public service and is within the agency's legal control. We also hold that the requester was a prevailing party and thus entitled to recover attorney fees and costs pursuant to NRS 239.011.

*FACTUAL AND PROCEDURAL HISTORY*

In 2011, Clark County and CenturyLink, a private telecommunications provider, entered into a contract for the provision of

inmate telephone services for the Clark County Detention Center (CCDC). Under the contract, CenturyLink provides a telephone system that could generate records of inmate telephone calls "for use in administrative and investigative purposes." The records include, among other details, the number dialed, the call duration, the station originating the call, the call's cost, and the method of call termination. The system provides CCDC personnel with access to historical detail records containing multiple types of data, including calls to specified destination numbers, calls from specific inmates, completed and incomplete calls, and calls from specific inmate telephones. It allows the CCDC system administrators to print reports based on recorded data.

In 2012, Blackjack Bonding, Inc., made a public records request to the Las Vegas Metropolitan Police Department (LVMPD), the governmental entity that runs the CCDC. In the request, Blackjack sought "all call detail records from telephones used by [CCDC] inmates . . . for 2011 and 2012"—specifically, "a call log that details the description of the phone used . . . , the call start time, dialed number, complete code, call type, talk seconds, billed time, cost, inmate id, and last name." Additionally, Blackjack asked for "a list of all phones used by inmates and the phone description, including whether the phone is used to place . . . free calls, collect calls, or both." Blackjack subsequently narrowed the scope of the requested information to calls to "all telephone numbers listed on the various bail bond agent jail lists posted in CCDC in 2011 and 2012" and conveyed that it understood "that the inmate names and identification numbers may need to be redacted." LVMPD denied Blackjack's request, claiming that it did not possess the records.

Blackjack then petitioned the district court for a writ of mandamus to compel LVMPD to provide the requested records. In support of its petition, Blackjack submitted an affidavit from its president stating that before making the public records request at issue, Blackjack asked CenturyLink to provide call detail records regarding CCDC inmate calls to Blackjack's number and received this data on the day that it made the request. The district court granted in part Blackjack's request for mandamus relief, stating that (1) the requested records were public records that LVMPD had a duty to produce, (2) the inmates' names and identification numbers must be redacted before production, and (3) Blackjack would pay the costs associated with the production.

Blackjack also made a motion for attorney fees and costs. The district court denied Blackjack's motion because it found that (1) the order granting writ relief in part required Blackjack to pay the costs associated with the production of the records and precluded LVMPD from paying any expenses, including Blackjack's attorney fees and costs, and (2) Blackjack was not a prevailing party.

LVMPD appealed the district court's order granting partial writ relief to Blackjack. Blackjack appealed the district court's denial of its motion for attorney fees and costs.

## DISCUSSION

*The district court did not err or abuse its discretion in granting in part Blackjack's petition for a writ of mandamus*

Pursuant to the NPRA, the public records and public books of a governmental entity are subject to inspection by the public:

> [A]ll public books and public records of a governmental entity, the contents of which are not otherwise declared by law to be confidential, must be open at all times during office hours to

inspection by any person, and may be fully copied or an abstract or memorandum may be prepared from those public books and public records.[1]

NRS 239.010(1) (2011). If the public record contains confidential information that can be redacted, the governmental entity with legal custody or control of the record cannot rely on the confidentiality of that information to prevent disclosure of the public record:

> A governmental entity that has legal custody or control of a public book or record shall not deny a request made pursuant to [NRS 239.010(1)] . . . on the basis that the requested public book or record contains information that is confidential if the governmental entity can redact, delete, conceal or separate the confidential information from the information included in the public book or record that is not otherwise confidential.

NRS 239.010(3) (2011).

LVMPD argues that the requested records are not public records subject to disclosure because they (1) do not concern an issue of public interest, (2) involve communications between private entities, and (3) are not in LVMPD's legal custody or control.[2] Moreover, LVMPD contends that it need not produce the requested records because *Public*

---

[1]We apply the version of the NPRA that was in effect in 2012 when Blackjack made its public records request. Thus, we do not address the subsequent amendments to the NPRA.

[2]LVMPD also argues that it had no duty to fulfill Blackjack's records request because Blackjack purportedly acted to serve a business interest. This argument is without merit because (1) LVMPD did not provide evidence to support its assertion about Blackjack's motive and (2) the NPRA does not provide that a requester's motive is relevant to a government entity's duty to disclose public records. *See* NRS 239.010 (2011).

Supreme Court
OF
Nevada

(O) 1947A

*Employees' Retirement System v. Reno Newspapers, Inc. (PERS)*, 129 Nev. ___, 313 P.3d 221 (2013), prevents it from having to create a new document to satisfy a public records request. Alternatively, LVMPD argues that if the requested records are public records, then a balancing-of-competing-interests test weighs in favor of nondisclosure because of the inmates' privacy interests and the burdens associated with production.

Blackjack argues that because LVMPD can acquire the requested information from CenturyLink at no cost, the information is within LVMPD's control. Blackjack also contends that the balancing-of-competing-interests test does not preclude production of the documents because LVMPD failed to offer a legitimate interest for denying the request for disclosure and because Blackjack resolved any privacy concerns by agreeing to redact the inmates' names and identification numbers.

*Standard of review*

We review a district court's grant or denial of a writ petition for an abuse of discretion. *DR Partners v. Bd. of Cnty. Comm'rs*, 116 Nev. 616, 621, 6 P.3d 465, 468 (2000). However, we review the district court's interpretation of caselaw and statutory language de novo. *Liu v. Christopher Homes, LLC*, 130 Nev. ___, ___, 321 P.3d 875, 877-78 (2014) (reviewing de novo the meaning and application of caselaw); *Reno Newspapers, Inc. v. Haley*, 126 Nev. 211, 214, 234 P.3d 922, 924 (2010) (reviewing de novo issues of statutory construction).

*LVMPD has a duty to provide nonconfidential public records over which it has legal custody or control*

Here, neither party disputes that LVMPD is a governmental entity subject to the NPRA. Therefore, we consider whether the requested information is a public record subject to LVMPD's legal custody or control.

*The requested information is a public record*

NRS 239.001(4) mandates public access to "records relating to the provision of those [public] services" that are provided by "private entities" on behalf of a governmental entity. "[P]ublic service" has been broadly defined as "a service rendered in the public interest." *Merriam-Webster's Collegiate Dictionary* 942 (10th ed. 2000); *see also V & S Ry., LLC v. White Pine Cnty.*, 125 Nev. 233, 239-40, 211 P.3d 879, 883 (2009) (referring to a dictionary to ascertain the plain meaning of statutory language); *Black's Law Dictionary* 1352 (9th ed. 2009) (defining "public service" as "[a] service provided or facilitated by the government for the general public's convenience and benefit").

Often, the "use of a telephone is essential for a pretrial detainee to contact a lawyer, bail bondsman or other person in order to prepare his case or . . . exercise his [constitutional] rights." *Johnson v. Galli*, 596 F. Supp. 135, 138 (D. Nev. 1984) (finding that a detainee's reasonable access to a telephone is protected by the First Amendment). Nevada law protects a detainee's right to use a telephone while detained by providing that "[a]ny person arrested has the right to make *a reasonable number of completed* telephone calls from the police station or other place at which the person is booked." NRS 171.153(1) (emphasis added). "A reasonable number of calls must include one completed call to a friend or bail agent . . . ." NRS 171.153(2). NRS 171.153 does not limit a detainee's right to make telephone calls when a private entity provides the telephone services that are to be used by the detainee.

Here, the inmate telephone services provided by CenturyLink assist LVMPD's facilitation of detainees' statutory rights to use a telephone. The fact that telephone calls between private individuals are

Supreme Court
OF
Nevada

(O) 1947A

7

detailed in the call histories does not alter the public service at issue because NRS 171.153(2) contemplates detainees making telephone calls to private parties. Therefore, these calls relate to the provision of a public service and the public has an interest in having governmental entities honor inmates' statutory rights. *See* NRS 228.308 (defining "[p]ublic interest," albeit in the context of consumer protection, as "rights" that "arise" from "constitutions, court decisions and statutes"). Thus, the information that Blackjack requested is a public record because it relates to the provision of a public service.[3]

### *The requested information was within LVMPD's legal control*

Since the information that Blackjack requested was a public record, we now address whether it was in LVMPD's legal custody or control. This issue is relevant because a governmental entity's duty to disclose a public record applies only to records within the entity's custody or control. *See* NRS 239.010(4) (2011).

Here, substantial evidence indicates that LVMPD has legal control over the requested information. Under the contract for inmate telephone services, CenturyLink provides a telephone system that could generate "call detail records for use in administrative and investigative purposes." Thus, this contract indicates that the requested information could be generated by the inmate telephone system that CenturyLink

---

[3]Because the information that Blackjack requested is a public record pursuant to NRS 239.001(4), we decline to address whether it would also be a public record under NAC 239.091.

provides and could be obtained by LVMPD.[4] Therefore, the information is in LVMPD's legal control.

*The recent PERS opinion does not preclude the duty to produce the requested information*

LVMPD argues that *PERS* precludes it from having to ask CenturyLink to generate a new document that does not yet exist and thus excuses it from fulfilling Blackjack's request.

In *PERS*, this court considered "the applicability of [the NPRA] to information stored in the individual files of retired employees that are maintained by [an agency]." 129 Nev. at ___, 313 P.3d at 222. After concluding that such information must be disclosed, this court held that to the extent that a records request required "PERS to create new documents or customized reports by searching for and compiling information from individuals' files or other records," the NPRA did not require their production and disclosure. *Id.* at ___, 313 P.3d at 225.

The scope of the holding in *PERS* is gleaned from the facts of that case. *See Liu*, 130 Nev. at ___, 321 P.3d at 878-80 (providing that the meaning of an opinion is ascertained by reading it as a whole and by considering the authorities on which it relies and the facts and procedure involved). In *PERS*, this court did not approve of the agency having to

_____

[4]NAC 239.620 does not affect our holding that substantial evidence shows that LVMPD had legal custody of the requested records for two reasons. First, NAC 239.620 defines "legal custody" and does not address "legal control"; thus, it is inapposite to our holding. Second, NAC 239.620 applies to state agencies, a type of governmental entity that LVMPD has not demonstrated itself to be. *See* NAC 239.690 (defining a state agency as a part of the executive branch of the Nevada state government).

"search[ ] for and compil[e] information from individuals' files or other records." 129 Nev. at ___, 313 P.3d at 225. *PERS* did not address the situation where an agency had technology to readily compile the requested information. *See id.* Instead, when an agency has a computer program that can readily compile the requested information, the agency is not excused from its duty to produce and disclose that information. *See State, ex rel. Scanlon v. Deters*, 544 N.E.2d 680, 683 (Ohio 1989), *overruled on other grounds by State ex rel. Steckman v. Jackson*, 639 N.E.2d 83, 89 (Ohio 1994).

Unlike *PERS*, the record in this case reveals that Blackjack's request does not involve searching through individual files and compiling information from those files. Here, the inmate telephone services contract and the evidence showing that CenturyLink had previously fulfilled a similar records request demonstrate that CenturyLink had the capacity to readily produce the requested information. Moreover, during a hearing on the writ petition, LVMPD admitted through its attorney that CenturyLink could produce the requested information. Therefore, the requested public records are readily accessible and *PERS* does not prevent their disclosure.

*The balancing-of-competing-interests test does not preclude disclosure*

The balancing-of-competing-interests test is employed "when the requested record is not explicitly made confidential by a statute" and the governmental entity nonetheless resists disclosure of the information. *Reno Newspapers, Inc. v. Gibbons*, 127 Nev. ___, ___, 266 P.3d 623, 627 (2011). This test weighs "the fundamental right of a citizen to have access to the public records" against "the incidental right of the agency to be free from unreasonable interference." *DR Partners v. Bd. of Cnty. Comm'rs*,

116 Nev. 616, 621, 6 P.3d 465, 468 (2000) (internal quotations omitted). "The government bears the burden of showing that its interest in nondisclosure clearly outweighs the public's interest in access." *PERS*, 129 Nev. at ___, 313 P.3d at 225 (internal quotations omitted).

Here, LVMPD fails to satisfy its burden under the test. Without explanation, LVMPD contends that the request compromises the private interests of inmates and is burdensome. However, LVMPD cannot deny a public records request on the basis of confidentiality if it "can redact, delete, conceal or separate the confidential information from the information included in the public book or record." NRS 239.010(3) (2011). Furthermore, Blackjack agreed to the redaction of inmate names and numbers from the requested information, and the district court's amended order required the redaction of the inmate names and identification numbers. Thus, LVMPD fails to demonstrate that the requested disclosure would compromise any privacy interests.

Moreover, the district court mitigated any burdens associated with the request by requiring Blackjack to pay the costs associated with the production of the requested documents.[5] Thus, LVMPD fails to demonstrate that the requested disclosure is financially burdensome. Therefore, the balancing-of-competing-interests test does not preclude its duty to produce the requested information.

---

[5]The district court's requirement that Blackjack pay LVMPD's costs of production is consistent with NRS 239.052(1) (2011), which provides that "a governmental entity may charge a fee for providing a copy of a public record . . . [that shall] not exceed the actual cost to the governmental entity" of producing the record.

*The district court abused its discretion by refusing to award reasonable attorney fees and costs to Blackjack*

In its challenge to the denial of its motion for attorney fees and costs, Blackjack disputes the district court's findings that Blackjack was not a prevailing party and that the prior order granting writ relief in part precluded LVMPD from having to pay Blackjack's attorney fees and costs.

*Standard of review*

We review a district court's decision regarding an award of attorney fees or costs for an abuse of discretion. *Albios v. Horizon Communities, Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1027-28 (2006) (reviewing an award of attorney fees for an abuse of discretion); *Vill. Builders 96, L.P. v. U.S. Labs., Inc.*, 121 Nev. 261, 276, 112 P.3d 1082, 1092 (2005) (reviewing an award of costs for an abuse of discretion).

An abuse of discretion can occur when the district court bases its decision on a clearly erroneous factual determination or disregards controlling law. *NOLM, LLC v. Cnty. of Clark*, 120 Nev. 736, 739, 100 P.3d 658, 660-61 (2004) (holding that relying on factual findings that "are clearly erroneous or not supported by substantial evidence" can be an abuse of discretion (internal quotations omitted)); *Bergmann v. Boyce*, 109 Nev. 670, 674, 856 P.2d 560, 563 (1993) (holding that a decision made "in clear disregard of the guiding legal principles" can be an abuse of discretion).

*NRS 239.011 entitles a prevailing requester to recover attorney fees and costs*

NRS 239.011 (2011) provides that "[i]f the requester prevails, the requester is entitled to recover his or her costs and reasonable attorney's fees in the proceeding from the governmental entity whose

SUPREME COURT
OF
NEVADA

(O) 1947A

officer has custody of the book or record." It does not preclude a prevailing requester from recovering costs when the requester is to pay the agency for the expenses associated with the production. *See id.* Thus, by its plain meaning, this statute grants a requester who prevails in NPRA litigation the right to recover attorney fees and costs, without regard to whether the requester is to bear the costs of production.[6]

*The district court abused its discretion in failing to find that Blackjack was a prevailing party*

A party prevails "if it succeeds on *any significant issue* in litigation which achieves some of the benefit it sought in bringing suit." *Valley Elec. Ass'n v. Overfield*, 121 Nev. 7, 10, 106 P.3d 1198, 1200 (2005) (emphasis added) (internal quotations omitted). To be a prevailing party, a party need not succeed on every issue. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (observing that "a plaintiff [can be] deemed 'prevailing' even though he succeeded on only some of his claims for relief").

Here, the district court ordered LVMPD to produce nearly all of the information that Blackjack sought in its petition for a writ of mandamus. Since the record demonstrates that Blackjack obtained a writ compelling the production of the telephone records with CCDC's inmates' identifying information redacted, it succeeded on a significant issue and achieved at least some of the benefit that it sought. Thus the district court

---

[6]To the extent that the parties raise policy arguments that conflict with NRS 239.011's plain meaning, they are without merit and do not alter our analysis. *See Williams v. United Parcel Servs.*, 129 Nev. ___, ___, 302 P.3d 1144, 1147 (2013) (refusing to deviate from the plain meaning of a statute and rejecting arguments that would require the court to read additional language into the statute).

abused its discretion by relying on the clearly erroneous finding that Blackjack was not a prevailing party. *See NOLM, LLC*, 120 Nev. at 739, 100 P.3d at 660-61.

Blackjack was a prevailing party and is entitled to recover attorney fees and costs associated with its efforts to secure access to the telephone records, despite the fact that it was to pay the costs of production. *See* NRS 239.011 (2011). Accordingly, we reverse the district court's order denying Blackjack's motion for attorney fees and costs and remand the matter for the district court to enter an award for reasonable attorney fees and costs consistent with this opinion.[7] *See DR Partners*, 116 Nev. at 629, 6 P.3d at 473 (remanding a case where a public records requester prevailed "for an award to the [requester] of attorney's fees and costs pursuant to NRS 239.011").

_____, J.
Saitta

We concur:

_____, J.
Parraguirre

_____, J.
Pickering

---

[7]We have considered the parties' remaining arguments, including those based on other jurisdictions' public records caselaw and the NPRA's legislative history, and conclude that they are without merit.

SUPREME COURT
OF
NEVADA

(O) 1947A