# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD DAVID MORROW,
Appellant,
vs.
ROBERT LEGRAND, WARDEN,
LOVELOCK CORRECTIONAL
CENTER; JAMES GREG COX,
DIRECTOR, NEVADA DEPARTMENT
OF CORRECTIONS; AND THE STATE
OF NEVADA,
Respondents.

No. 68768

FILED

APR 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a petition for a writ of mandamus concerning access to inmate prison records. Eleventh Judicial District Court, Pershing County; Jim C. Shirley, Judge.

Appellant Richard Morrow is an inmate in the custody of the Nevada Department of Corrections (NDOC). NDOC maintains an Institutional File (I-File) on each inmate, which consists of documents regarding "the inmate's legal status, as well as information and documents derived from institutional activities [including] disciplinary, work, progress reports, education and program achievements, Parole Board actions and inmate correspondence." NDOC Administrative Regulation (AR) 560.01(1)(B). NDOC AR 568.01(1) allows an inmate to review his or her I-File "for the purpose of challenging the accuracy or completeness of certain non-confidential information contained therein." Morrow sought to review his I-File; however, several documents were removed or redacted from Morrow's review.

Morrow filed an internal administrative grievance seeking disclosure of the omitted material, which was denied. Morrow then filed a petition for a writ of mandamus, seeking an order compelling respondents Robert LeGrand, James Cox, and the State of Nevada to disclose the withheld documents. The district court denied Morrow's petition, holding that (1) Morrow had an adequate remedy at law, and (2) respondents had complied with NRS 179A.070 and NDOC AR 568. We now reverse the district court's order denying Morrow's petition and remand the matter for further proceedings.

As an initial matter, we hold a petition for a writ of mandamus is the proper procedural vehicle for challenging NDOC's compliance with NDOC AR 568. This court has repeatedly recognized that mandamus is the appropriate procedural remedy to compel the production of public records under NRS Chapter 239. *See Pub. Emps.' Ret. Sys. v. Reno Newspapers, Inc.*, 129 Nev. 833, 839, 313 P.3d 221, 225 (2013); *Reno Newspapers, Inc. v. Gibbons*, 127 Nev. 873, 884 n.4, 266 P.3d 623, 630 n.4 (2011); *DR Partners v. Bd. of Cty. Comm'rs*, 116 Nev. 616, 621, 6 P.3d 465, 468 (2000); *Donrey of Nev., Inc. v. Bradshaw*, 106 Nev. 630, 636, 798 P.2d 144, 148 (1990).

Although Morrow's administrative grievance may not have stated that his request was one for the disclosure of public records under NRS Chapter 239, and the parties dispute whether the records at issue constitute public records, NDOC AR 568.01 clearly allows an inmate to review certain information contained in his or her I-File.[1] Therefore, if

---

[1]NDOC AR 568.01 was promulgated pursuant to NRS 179A.150(4). *See* NRS 179A.150(4) (permitting the director of the Department of Public Safety to adopt regulations governing "[a]ll challenges to the accuracy or
*continued on next page...*

NDOC has erroneously refused to disclose certain documents pursuant to NDOC AR 568, a writ of mandamus is the appropriate procedural remedy to compel the production of such records.

Moreover, we hold the district court erred in holding that NDOC AR 568 necessarily permitted respondents to withhold the documents at issue. NDOC AR 568.02 states that inmates cannot access certain information in their I-Files if disclosure might:

    A. Endanger the physical, psychological or emotional well being of the subject or other persons.

    B. Endanger the security of any institution/facility or that of any facility housing inmates.

    C. Disclose personal or confidential information pertaining to a person other than the inmate.

    D. Impede, hinder or compromise an investigation or the outcome of criminal or administrative proceedings engaged in by the Department.

Morrow's initial request was denied pursuant to NDOC AR 568.02, and the district court held that "NDOC AR 568 [was] a valid restrictive regulation." However, neither NDOC nor the district court analyzed whether these exceptions applied to the specific documents at issue. Without such an inquiry, it cannot be determined whether NDOC validly withheld the documents pursuant to NDOC AR 568. Therefore, we conclude that remand is appropriate so the district court may conduct a

---

*...continued*
sufficiency of information relating to records of criminal history by the person who is the subject of the allegedly inaccurate or insufficient record").

hearing to determine whether the withheld materials implicate the exceptions outlined in NDOC AR 568.02.[2] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Jim C. Shirley, District Judge
Dickinson Wright PLLC
Attorney General/Carson City
Legal Aid Center of Southern Nevada
Snell & Wilmer, LLP
Anne R. Traum
Pershing County Clerk

---

[2]During oral argument, respondents also argued that the omitted material was confidential pursuant to NRS 209.131, NRS 209.251, and NDOC AR 569. Respondents did not raise this argument in their brief, and the district court's order does not address this authority. Therefore, we decline to consider these arguments on appeal. However, the district court may entertain these arguments on remand.