RENO NEWSPAPERS, INC., A NEVADA CORPORATION, APPELLANT, *v.* MIKE HALEY, WASHOE COUNTY SHERIFF; WASHOE COUNTY SHERIFF'S OFFICE; AND COUNTY OF WASHOE, STATE OF NEVADA, RESPONDENTS.

No. 51697

July 1, 2010

234 P.3d 922

*Burton Bartlett & Glogovac, Ltd.*, and *Scott A. Glogovac*, Reno, for Appellant.

*Richard A. Gammick*, District Attorney, and *Nathan J. Edwards*, Deputy District Attorney, Washoe County, for Respondents.

## OPINION

By the Court, HARDESTY, J.:

In this appeal, we consider whether NRS 202.3662, which provides that an application for a concealed firearms permit and the sheriff's related investigation of the applicant are confidential, includes within its scope the identity of the permittee of a concealed firearms permit and any records of suspension or revocation generated after a permit is issued.

The Nevada Public Records Act considers all records to be public documents available for inspection unless otherwise explicitly made confidential by statute or by a balancing of public interests against privacy or law enforcement justification for nondisclosure.

Although NRS 202.3662 is plain and unambiguous in its declaration that an application for a concealed firearms permit is confidential, we conclude that the identity of the permittee of a concealed firearms permit, and any post-permit records of investigation, suspension, or revocation, are not declared explicitly to be confidential under NRS 202.3662 and are, therefore, public records under NRS 239.010. However, since post-permit records of investigation, suspension, or revocation may contain information from the application for a concealed firearms permit that is considered confidential under NRS 202.3662, we conclude that post-permit records of investigation of a permit holder, or suspension or revocation of a permit holder's permit, may be subject to redaction under NRS 239.010(3).

## FACTS

Appellant Reno Newspapers, Inc., owns and operates the Reno Gazette-Journal (RGJ), a daily newspaper published in Reno, Washoe County, Nevada. Respondent Washoe County Sheriff's Office is an agency of respondent County of Washoe, State of Nevada, and respondent Mike Haley is the Washoe County Sheriff.

Residents of Washoe County may apply for a concealed firearms permit from Haley. Haley oversees the administration and regulation of concealed firearms permits, including the application process, the investigation of applicants before issuance or denial of a permit, the issuance of the permit, and, if appropriate, the suspension or revocation of a permit.

In March 2008, the RGJ received information that Haley had suspended or revoked a concealed firearms permit issued to Nevada Governor Jim Gibbons. Allegedly, the suspension or revocation was based on inaccuracies in the application that Governor Gibbons submitted. Consequently, the RGJ began publishing news articles discussing the possible suspension or revocation of Governor Gibbons's concealed firearms permit.

As part of its news coverage, a reporter with the RGJ requested all records "detailing the status of any and all [concealed firearms] permits issued by the Washoe County Sheriff's Office to Gov. Jim Gibbons," and all "documents detailing action taken by the Washoe County Sheriff's Office on that permit, including a decision to suspend, revoke, or hold the permit." The reporter acknowledged that an application for a concealed firearms permit and any investigations related to the application are confidential. However, the reporter stressed that the RGJ sought information regarding the post-application permit process and not the application.

Haley denied the RGJ's request and refused to provide any information regarding Governor Gibbons's permit. Haley claimed that the permit records are confidential under NRS 202.3662 and that public policy and the need for privacy outweighs the need for public disclosure.

The RGJ filed a petition for writ of mandamus with the district court to compel Haley to allow the RGJ to inspect and copy the requested records. Following a hearing, the district court denied the petition for a writ of mandamus. The district court determined that because NRS 202.3662 makes confidential "all information contained within [an] application [for a permit]," any records related to a suspended or revoked permit would necessarily contain information from the application. Therefore, the district court deemed the entirety of the post-application records to be confidential and denied the petition for a writ of mandamus. The RGJ appeals.

## DISCUSSION

In resolving this appeal, we consider whether NRS 202.3662, which makes applications for concealed firearms permits confidential, includes within its scope the identity of the permittee of a concealed firearms permit and any records of investigations, suspensions, or revocations that are generated after the permit has issued. To determine NRS 202.3662's scope, this court must first construe that statute in light of Nevada's Public Records Act.

Based on that analysis, this court will address whether NRS 202.3662's confidentiality scope includes (1) the permit holder's name; and (2) records of investigation of a permit holder, or suspension or revocation action taken against a permit holder's permit. Then, we will address whether the private and law enforcement interests in restricting access to concealed weapons permits outweigh the general policy of an open and accessible government.

### Standard of review

Ordinarily, a district court denial of a writ petition is reviewed for an abuse of discretion. *Las Vegas Taxpayer Comm. v. City Council*, 125 Nev. 165, 172, 208 P.3d 429, 433-34 (2009). However, when the writ petition includes questions of statutory construction, this court will review the district court's decision de novo. *Id.*

### Nevada Public Records Act

Under the Nevada Public Records Act (the Act), all public records generated by government entities are public information and are subject to public inspection unless otherwise declared to be confidential. NRS 239.010. The purpose of the Act is to foster principles of democracy by allowing the public access to information about government activities. NRS 239.001(1); *see DR Partners v. Bd. of County Comm'rs*, 116 Nev. 616, 621, 6 P.3d 465, 468 (2000). In 2007, the Legislature amended the Act to ensure the presumption of openness, and provided that all statutory provisions related to the Act must be construed liberally in favor of the Act's purpose. NRS 239.001(2); 2007 Nev. Stat., ch. 435, § 2, at 2061. In contrast, any exemption, exception, or a balancing of interests that restricts the public's right to access a governmental entity's records must be construed narrowly. NRS 239.001(3); 2007 Nev. Stat., ch. 435, § 2, at 2061. Thus, this court will presume that all public records are open to disclosure unless either (1) the Legislature has expressly and unequivocally created an exemption or exception by statute, *see Cowles Pub. Co. v. Kootenai County Bd.*, 159 P.3d 896, 899 (Idaho 2007) (holding that unless public

records are "expressly exempted by statute," they are presumed to be open to inspection by the public); *Kroeplin v. DNR*, 725 N.W.2d 286, 292 (Wis. Ct. App. 2006) (holding that "exceptions to the open records law are to be narrowly construed; unless the exception is explicit and unequivocal, we will not hold it to be an exception"); or (2) balancing the private or law enforcement interests for nondisclosure against the general policy in favor of an open and accessible government requires restricting public access to government records. *See Donrey of Nevada v. Bradshaw*, 106 Nev. 630, 635-36, 798 P.2d 144, 147-48 (1990). And, in unity with the underlying policy of ensuring an open and accountable government, the burden is on the government to prove confidentiality by a preponderance of the evidence. NRS 239.0113(2).

*Scope of the statutory exception creating confidentiality within NRS 202.3662*

The parties dispute the scope of NRS 202.3662, which governs the "[c]onfidentiality of information about [an] applicant for [a concealed firearms] permit and [a] permittee." Haley argues that because an application for a concealed firearms permit and information related to the applicant are confidential under NRS 202.3662, any information generated in a permit that is derived from the application would remain confidential, including the name of both the applicant and the ultimate permittee. Therefore, Haley maintains that the district court properly applied NRS 202.3662 when it determined that the permit and the name of the permit holder were confidential. We disagree.

We recognize that NRS 202.3662 clearly and unambiguously creates an exception to the general rule that concealed firearms permit records are public. However, we have not addressed whether the confidentiality provisions of NRS 202.3662 extend to the name of the permittee or records of investigation, suspension, or revocation of issued permits; therefore, resolution of this appeal requires this court to interpret the statute.

NRS 202.3662 provides, in pertinent part, as follows:

> 1. Except as otherwise provided . . .
> (a) An application for a permit, and all information contained within that application; and
> (b) All information provided to a sheriff or obtained by a sheriff in the course of his investigation of an applicant,
> are confidential.
> 2. Any records regarding an applicant or permittee may be released to a law enforcement agency for the purpose of conducting an investigation or prosecution.

>    3. Statistical abstracts of data compiled by a sheriff regarding permits applied for or issued pursuant to NRS 202.3653 to 202.369, inclusive, including, but not limited to, the number of applications received and permits issued, may be released to any person.

The only affirmative grant of confidentiality appears in subsection 1 of NRS 202.3662. This subsection, by its terms, extends the protection of confidentiality only to applications, information within the applications, and information related to the investigation of the applicant.

The statute is notably silent, however, as to whether the name of a permittee, or records generated as part of an investigation, suspension, or revocation of the permit, are confidential. Additionally, Nevada's concealed firearms statutes repeatedly recognize a difference between an applicant and a permittee. NRS 202.3662(2) ("Any records, regarding an applicant or permittee may be released . . . ."); NRS 202.3657(3) ("The sheriff shall deny an application or revoke a permit if he determines that the applicant or permittee: . . . ."); NRS 202.3657(4) ("The sheriff may deny an application or revoke a permit if he receives a sworn affidavit . . . that the applicant or permittee has or may have committed an offense . . . ."); *compare* NRS 202.3665(1) ("If a sheriff who is processing an application for a permit receives notification . . . that the applicant has been: . . . ."), *with* NRS 202.3665(2) ("If a sheriff who has issued a permit to a permittee receives notification . . . that the permittee has been: . . . .").

Haley makes two arguments to extend to permittees the limited grant of confidentiality for applicants in NRS 202.3662(1). First, he suggests that the Legislature must have intended subsection 1 to apply to both applications and permits because, in providing for the release of statistical abstracts of data "to any person," subsection 3 of NRS 202.3662 expressly refers to "permits applied for or issued" and "the number of applications received and permits issued." Second, he argues that because permits grow out of applications and applications are confidential, permits must be confidential too. We disagree.

Whatever merit Haley's arguments might have if we were to read NRS 202.3662 in isolation from the Act, they fail in light of the explicit rules of construction stated in NRS 239.001, which says that open records are the rule, and that exceptions to the rule are narrowly construed:

>    1. The purpose of this chapter is to foster democratic principles by providing members of the public with access to inspect and copy public books and records to the extent permitted by law;

2. The provisions of this chapter must be construed liberally to carry out this important purpose; and

3. Any exemption, exception or balancing of interests which limits or restricts access to public books and records by members of the public must be construed narrowly.

Given this unmistakable declaration of purpose, we cannot credit Haley's argument that the reference to "permits issued or applied for" in subsection 3 broadens the grant of confidentiality in subsection 1 from "applications" to permits. If the Legislature had intended post-application information about a permit's status to be confidential, it could and would have stated that, but it did not.

Despite Haley's argument that the identity of a permittee is confidential because it is the same name as an applicant, which is confidential, the narrow construction of confidentiality required by the Act and the Legislature's distinction between an applicant and a permittee, does not extend a statutory grant of confidentiality for an applicant to a permittee. The status of an applicant changes to that of a permittee when the permit issues as demonstrated by the concealed firearms statutory scheme and the plain omission of post-permit records from confidentiality in NRS 202.3662.

According to the Act's rules of construction requiring a narrow interpretation of any exception to openness and the Legislature's failure to explicitly grant confidentiality to a permittee, we must conclude that the name of a permittee and post-permit records of investigation, suspension, or revocation of a concealed firearms permit are not explicitly contained within the scope of the confidentiality exception of NRS 202.3662(1).

*Balancing of interests—general policy in favor of open government against privacy or law enforcement policy justifications for nondisclosure*

In addition to statutory exceptions, the Nevada Public Records Act acknowledges that confidentiality may be granted through a balancing of interests. Prior to the amendment of the Act, this court routinely employed a balancing test when a statute failed to unambiguously declare certain documents to be confidential. *Donrey of Nevada v. Bradshaw*, 106 Nev. 630, 635-36, 798 P.2d 144, 147-48 (1990). This balancing test equally weighed the general policy in favor of open government against privacy or law enforcement policy justifications for nondisclosure. *See id.* However, in light of the Legislature's declaration of the rules of construction of the Act—requiring the purpose of the Act to be construed liberally and any restriction to government documents to be construed narrowly—the balancing test under *Bradshaw* now requires a narrower interpretation of private or government interests

promoting confidentiality or nondisclosure to be weighed against the liberal policy for an open and accessible government. *See* NRS 239.001. We emphasize that the balancing test must be employed in accordance with the underlying policies and rules of construction required by the Nevada Public Records Act. *See id.*

We have previously concluded that, by enacting the Act, the Legislature has clearly evidenced its intent to promote principles of democracy by ensuring an open government. NRS 239.001; NRS 239.010; *DR Partners*, 116 Nev. at 621, 6 P.3d at 468. Therefore, the Act ensures that the government is held accountable for its actions by preventing secrecy. *DR Partners*, 116 Nev. at 621, 6 P.3d at 468.

Nonetheless, we recognize that an individual's privacy is also an important interest, especially because private and personal information may be recorded in government files. *See, e.g., CBS, Inc. v. Block*, 725 P.2d 470 (Cal. 1986). In considering the privacy arguments made by Haley on behalf of permit holders, we consider the argument advanced by the government in this case. *See* NRS 239.0113(2); *DR Partners*, 116 Nev. at 621, 6 P.3d at 468 (stressing that the burden of proof is on the government agency to show why information contained in a record should not be disclosed to the public). Haley argues that if permit records were available to the public, permit holders and the public would be at risk because potential attackers would know that they were armed, or may burglarize their homes to steal their weapons.[1]

Although we have not previously addressed the concerns raised by Haley, we find the California Supreme Court's analysis in *Block* to be persuasive. In *Block*, the California Supreme Court considered whether applications and licenses for concealed firearms were confidential under California law. 725 P.2d at 471. To resolve the case, the court balanced the public's interests in access to information with individual privacy interests. *Id.* at 473-74. One argument advanced by the defendant was that releasing the concealed firearms records would allow potential attackers to more carefully plan a crime. *Id.* at 474. However, the court concluded that the "[d]efendants' concern . . . is conjectural at best. . . . A mere assertion of possible endangerment does not 'clearly outweigh' the public interest in access to these records." *Id.* The court also determined that public access may actually deter crimes and does not make a celebrity or other public figure any more public merely because their records are public. *Id.* at 474 n.9.

---

[1]Haley's law enforcement and public policy argument for confidentiality is limited to the identity of the permittee and does not address any other law enforcement or public policy concerns supporting confidentiality for records of investigation, suspension, or revocation of a permit.

In this case, like in *Block*, Haley has provided no evidence to support his argument that access to records relating to concealed firearms permits would increase crime or subject a permit holder or the public to an unreasonable risk of harm. Therefore, because Haley bases his argument on the supposition that access would increase the vulnerability of permit holders, we conclude that Haley has not met his burden of proof to show that the government interest clearly outweighs the public's right to access. And because Haley has not met his burden of proof, a narrow reading of NRS 202.3662 mandates that we favor public access over confidentiality.

Therefore, we conclude that Haley has not met his burden to show that the law enforcement or individual privacy concerns outweigh the public's right to access the identity of the permit holder, and in compliance with the policies of the Nevada Public Records Act, the identity of the permittee and any post-permit records identifying the permittee are not confidential.

*Not all post-permit records are public documents but may contain confidential information subject to redaction*

Next, we consider whether all post-permit records of investigation, suspension, or revocation are confidential. Haley also asserts that all post-permit records are confidential because they, too, may contain information derived from an application for a concealed firearms permit, which is considered confidential under NRS 202.3662. Therefore, he argues, the entire record is confidential. We disagree.

Because NRS 202.3662 is silent concerning the confidentiality of post-permit investigation, suspension, or revocation records, we must conclude that such records are open to public inspection unless they contain information that is expressly declared confidential by statute. The Nevada Public Records Act addresses this situation and recognizes that public documents may contain confidential information. In the event that public records contain confidential information, the Legislature has provided that the records should be redacted and the remaining document open to inspection:

> A government entity that has legal custody or control of a public book or record shall not deny a request made pursuant to subsection 1 to inspect or copy a public book or record on the basis that the requested public book or record contains information that is confidential if the governmental entity can redact, delete, conceal or separate the confidential information from the information included in the public book or record that is not otherwise confidential.

NRS 239.010(3).

In this case, an investigative report was generated regarding Governor Gibbons's issued concealed firearms permit. Although we determine that the district court erred by making the entirety of the post-permit investigation, suspension, or revocation record sought by the RGJ confidential, we recognize that there may be information included within the record that may be confidential. For example, if the investigative record contains "information provided to a sheriff or obtained by a sheriff in the course of his investigation [as] an applicant," the information generated prior to the issuance of the permit and as part of the application process would remain confidential. NRS 202.3662(1)(b). Therefore, the district court must review the post-permit investigation, suspension, or revocation record to determine whether it contains information within either the application or the post-application investigation that is explicitly made confidential under NRS 202.3662. In such event, the district court must order the redaction of confidential information from the post-permit record under NRS 202.3662(1)(b).

Accordingly, we reverse the district court's order denying the petition for a writ of mandamus and remand the case to the district court with instructions to evaluate the contents of the post-permit investigation, suspension, or revocation records sought by the RGJ to determine whether information within the requested records contains confidential information under NRS 202.3662. If the district court determines that the requested records contain such confidential information, the records should be redacted and the remaining records made available to the RGJ for inspection and copying.

PARRAGUIRRE, C.J., and DOUGLAS, CHERRY, SAITTA, GIBBONS, and PICKERING, JJ., concur.