**133 Nev., Advance Opinion 56**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CITY OF SPARKS, A MUNICIPAL CORPORATION,<br>Appellant,<br>vs.<br>RENO NEWSPAPERS, INC., A NEVADA CORPORATION,<br>Respondent. | No. 69749<br><br>FILED<br><br>AUG 03 2017 |

Appeal from a district court order granting a petition for a writ of mandamus in a public records request matter. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

*Affirmed in part and reversed in part.*

Chester H. Adams, Sparks City Attorney, and Douglas R. Thornley, Senior Assistant City Attorney, Sparks,
for Appellant.

Glogovac & Pintar and Scott A. Glogovac and Robert R. Howey, Reno,
for Respondent.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PARRAGUIRRE, J.:

In this appeal, we are asked to determine whether respondent properly sought the disclosure of public records by means of a writ of mandamus even though a regulation was at issue and the Nevada

 

Administrative Procedure Act, NRS Chapter 233B, provides that the validity of a regulation may be determined in a proceeding for a declaratory judgment. Because we conclude that the writ petition was procedurally proper, we further consider whether the subject regulation, NAC 453A.714(1), which governs the confidentiality of information concerning persons who facilitate or deliver medical marijuana services, exempts such information from disclosure under the Nevada Public Records Act, NRS Chapter 239, when the information is contained in medical marijuana establishment business licenses. As the identifying information of such persons has been validly declared confidential under NAC 453A.714(1), that information is exempt from disclosure by a business licensor. Accordingly, we reverse the district court's order granting a writ mandating disclosure.

## FACTS AND PROCEDURAL HISTORY

Persons seeking to operate medical marijuana establishments (MMEs) must register with the Department of Health and Human Services' Division of Public and Behavioral Health (Division), NRS 453A.322(1), and, if located in a jurisdiction so requiring, obtain a business license, NRS 453A.326(3). Respondent Reno Newspapers, Inc., which owns and operates the Reno Gazette-Journal (RGJ), a daily newspaper, asked appellant City of Sparks to disclose copies of the business licenses of persons operating MMEs in the City. In response, the City produced the business licenses but redacted the licensees' identities from the documents. The RGJ demanded unredacted copies of the business licenses, and the City denied the subsequent request.

Thereafter, the RGJ filed a petition for a writ of mandamus in the district court to compel the City to disclose the redacted information. The district court held that the petition was procedurally proper and,

concluding that the City had a duty under the Nevada Public Records Act to disclose the identities of the business license holders, which duty was not exempted by NAC 453A.714's confidentiality provision, granted the petition. The City now appeals.

## DISCUSSION

On appeal, the City argues that the district court erred in granting the RGJ's petition for a writ of mandamus because (1) a petition for a writ of mandamus is not the appropriate means of seeking judicial relief when challenging an administrative code, and (2) NAC 453A.714 renders confidential the identifying information of MME business license holders.

"When reviewing a district court order resolving a petition for mandamus relief, this court considers whether the district court has abused its discretion." *Kay v. Nunez*, 122 Nev. 1100, 1105, 146 P.3d 801, 805 (2006). However, when the writ petition raises questions of statutory interpretation, we review the district court's decision de novo. *Reno Newspapers, Inc. v. Haley*, 126 Nev. 211, 214, 234 P.3d 922, 924 (2010).

*The RGJ's petition for a writ of mandamus was procedurally proper*

As a threshold matter, the City argues that an action for declaratory relief under the Nevada Administrative Procedure Act, *see* NRS 233B.110, not a writ petition, was the proper vehicle to seek unredacted copies of MME business licenses, as the RGJ's action included a challenge to NAC 453A.714. We disagree.

The Public Records Act provides that "[i]f a request for inspection . . . of a public book or record open to inspection and copying is denied, the requester may apply to the district court . . . for an order." NRS 239.011(1). Alternatively, NRS 233B.110 of the Administrative

Procedure Act provides that the district court may determine the validity or applicability of any regulation in a declaratory judgment proceeding.

We have previously held that a writ of mandamus is generally the appropriate means for pursuing the disclosure of public records pursuant to NRS 239.011. *See, e.g., Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.,* 131 Nev., Adv. Op. 10, 343 P.3d 608 (2015); *Reno Newspapers, Inc. v. Gibbons,* 127 Nev. 873, 266 P.3d 623 (2011); *Haley,* 126 Nev. 211, 234 P.3d 922; *DR Partners v. Bd. of Cty. Comm'rs,* 116 Nev. 616, 6 P.3d 465 (2000).

Moreover, "it is an accepted rule of statutory construction that a provision which specifically applies to a given situation will take precedence over one that applies only generally." *City of Reno v. Reno Gazette-Journal,* 119 Nev. 55, 60, 63 P.3d 1147, 1150 (2003) (internal quotation marks omitted). Here, NRS 233B.110 provides the general method to challenge "[t]he validity or applicability *of any regulation,*" whereas NRS 239.011 provides relief specifically for the denial of "a request for inspection, copying or copies of a public book or record." (Emphasis added.) As the RGJ was challenging the denial of its request for records, not merely seeking to determine its rights with respect to the regulation, NRS 239.011 is the applicable law. For that reason, we reject the City's contention, under *Allstate Insurance Co. v. Thorpe,* 123 Nev. 565, 571, 170 P.3d 989, 993 (2007), that the RGJ had to first challenge the validity of the regulation with the Division before seeking a writ in the district court.[1] Thus, we hold that the district court did not err in

---

[1]The City also argues that the Division should have been joined as a party pursuant to NRS 233B.110(1), which provides that "[t]he agency
*continued on next page . . .*

concluding that the RGJ's writ petition was procedurally proper in light of the circumstances of the case.

*The identifying information contained in MME business licenses is confidential and not subject to disclosure under the Public Records Act*

*Generally, the Nevada Public Records Act requires disclosure*

"Under the Nevada Public Records Act ([NPRA]), all public records generated by government entities are public information and are subject to public inspection unless otherwise declared to be confidential." *Haley*, 126 Nev. at 214, 234 P.3d at 924. In particular,

> this court will presume that all public records are open to disclosure unless either (1) the Legislature has expressly and unequivocally created an exemption or exception by statute; or (2) balancing the private or law enforcement interests for nondisclosure against the general policy in favor of an open and accessible government requires restricting public access to government records.

*Id.* at 214-15, 234 P.3d at 924-25 (citations omitted). "And, in unity with the underlying policy of ensuring an open and accountable government, the burden is on the government to prove confidentiality by a preponderance of the evidence." *Id.* at 215, 234 P.3d at 925.

Here, neither party disputes that the City is a governmental entity pursuant to the NPRA or that business licenses are public records. However, although the City did not advance any balancing-of-interests argument, it asserted that the Legislature expressly and unequivocally

---

*. . . continued*

whose regulation is made the subject of the declaratory action *shall* be made a party to the action." (Emphasis added.) Having held that the RGJ's petition was proper under NRS 239.011, we reject this argument.

 

created an exemption or exception from disclosure under NRS 453A.370(5) and NAC 453A.714 for the identities of MME business license holders. *See id.* at 214, 234 P.3d at 924; *PERS v. Reno Newspapers Inc.*, 129 Nev. 833, 837, 313 P.3d 221, 223-24 (2013) (noting that, in order to overcome the presumption of disclosure under the NPRA, "[t]he state entity may either show that a statutory provision declares the record confidential, or, in the absence of such a provision, that its interest in nondisclosure clearly outweighs the public's interest in access" (internal quotation marks omitted)).

*NRS 453A.370(5) and NAC 453A.714 make confidential the identifying information of persons engaged in facilitating or delivering medical marijuana services*

NRS Chapter 453A provides that "[t]he Division shall adopt such regulations as it determines to be necessary or advisable to carry out the provisions [concerning the production and distribution of medical marijuana]." NRS 453A.370. In drafting and adopting those regulations, under NRS 453A.370(5), the Division "*must . . .* [a]s far as possible while maintaining accountability, *protect the identity and personal identifying information* of each person who receives, facilitates or delivers services."[2]

---

[2]The RGJ argues that the phrase "[a]s far as possible while maintaining accountability," NRS 453A.370(5), is ambiguous and provides no standards of accountability. However, the phrase expresses the Legislature's intent to allow the Division to create exceptions to nondisclosure for certain persons. *See, e.g.*, Hearing on S.B. 374 Before the Assembly Judiciary Comm., 77th Leg. (Nev., June 1, 2013) (explaining that S.B. 374 would "give law enforcement open access to investigate and inspect a dispensary at any time"); *see also* NAC 453A.714(2)-(3) (allowing disclosure of the otherwise confidential information to "[a]uthorized employees of the Division . . . as necessary to perform official duties of the Division," to "[a]uthorized employees of state and local law enforcement
*continued on next page . . .*

(Emphases added.) The relevant regulation adopted by the Division, NAC 453A.714(1) (2014), provides that

> the Division will . . . maintain the confidentiality of and shall not disclose the name or any other identifying information of any person who facilitates or delivers services pursuant to this chapter or chapter 453A of NRS. Except as otherwise provided in NRS 239.0115,[3] the name and any other identifying information of any person who facilitates or delivers services pursuant to this chapter or chapter 453A of NRS are confidential, not subject to subpoena or discovery and not subject to inspection by the general public.

The City argues that NRS 453A.370(5) confers on the Division power to protect the identity and identifying information of persons who operate businesses under that chapter, and that the Division validly did so by adopting NAC 453A.714, which expressly and unequivocally makes confidential the identifying information of MME business license holders. We agree.

When interpreting a statute, if the statutory language is "facially clear," this court must give that language its plain meaning. *D.R.*

_____

. . . *continued*

agencies," and with the prior consent of the applicant, to local governments during an application process to operate a medical marijuana establishment). As a result, we conclude that the phrase was included for the purpose of assisting state and local agencies with the enforcement of state laws.

[3]NRS 239.0115, which is part of the NPRA, governs the disclosure of information after 30 years.

SUPREME COURT
OF
NEVADA

(O) 1947A

7

*Horton, Inc. v. Eighth Judicial Dist. Court*, 125 Nev. 449, 456, 215 P.3d 697, 702 (2009). If the statutory language is ambiguous, however, "this court will construe a statute by considering reason and public policy to determine legislative intent." *Id.* Additionally, "[t]his court also assumes that, when enacting a statute, the Legislature is aware of related statutes." *Id.* "These rules of statutory construction also apply to administrative regulations." *City of N. Las Vegas v. Warburton*, 127 Nev. 682, 687, 262 P.3d 715, 718 (2011).

> *NRS 453A.370(5) grants the Division power to make confidential the identifying information of certain persons*

"[T]he Legislature may authorize administrative agencies to make rules and regulations supplementing legislation if the power given is prescribed in terms sufficiently definite to serve as a guide in exercising that power." *Banegas v. State Indus. Ins. Sys.*, 117 Nev. 222, 227, 19 P.3d 245, 248 (2001); *see also* NRS 233B.040(1)(a) (providing that reasonable regulations that are appropriately adopted by an agency "have the force of law"). We conclude that the plain language of NRS 453A.370(5) is sufficiently definite in granting the Division authority to create laws relating to confidentiality, and NAC 453A.714 was adopted accordingly.

The RGJ counters that NRS 453A.370(5) cannot be construed as authorizing an exception to public disclosure laws because any exceptions to the NPRA can only exist when explicitly provided for under NRS 239.010. However, in addition to the specific exemptions listed in NRS 239.010, the NPRA also does not apply to records "otherwise declared by law to be confidential." NRS 239.010(1). This court has held that regulations need not be expressly mentioned in NRS 239.010 to grant confidentiality and exemption from the NPRA. *See City of Reno v. Reno Gazette-Journal*, 119 Nev. 55, 60-61, 63 P.3d 1147, 1150 (2003) (providing

SUPREME COURT
OF
NEVADA

(O) 1947A

8

that 49 C.F.R. § 24.9(b), a federal regulation that was adopted by reference in NRS 342.105, can declare records confidential and exempt from disclosure under NRS 239.010, even if the federal regulation was not expressly listed as an exception under NRS 239.010). Accordingly, we hold that NRS 453A.370(5) confers upon the Division authority to grant confidentiality.

*NAC 453A.714 expressly and unequivocally prohibits disclosure of the identity and identifying information of MME business license holders*

The City argues that NAC 453A.714 expressly and unequivocally prohibits disclosure of the identity and identifying information of MME business license holders because (1) the license holders are persons who "deliver" services under NRS Chapter 453A, as that term is statutorily defined; and (2) when NRS 453A.370 was enacted in 2013, the Nevada Legislature intended to expand the grant of confidentiality beyond the existing medical-marijuana-related confidentiality statutes.

NAC 453A.714(1) (2014) prohibits disclosure of "the name or any other identifying information of any person who facilitates or delivers services pursuant to this chapter or chapter 453A of NRS." The term "[d]elivers" under NRS Chapter 453A "has the meaning ascribed to it in NRS 453.051" and "means the actual, constructive or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." NRS 453A.060. A "[m]edical marijuana establishment" is defined as either: (1) "[a]n independent testing laboratory;" (2) "[a] cultivation facility;" (3) "[a] facility for the production of edible marijuana products or marijuana-infused products;" or (4) "[a] medical marijuana dispensary." NRS 453A.116. Of the four types of

 

MMEs, three of them engage in the act of delivering marijuana as part of their statutory functions,[4] with the exception of "testing laboratories" under NRS 453A.368. Although NRS 453A.368 does not use the term "delivers," testing laboratories clearly engage in "the actual, constructive or attempted transfer from one person to another of a controlled substance" to test marijuana. Thus, we conclude that all MMEs "deliver" under NAC 453A.714 as part of their statutorily prescribed functions.

In addition, the term "constructive transfer" under NRS 453.051 incorporates MME business license holders pursuant to the nature of their business activities. Although the term "constructive transfer" is not defined under NAC Chapter 453A, NRS Chapter 453A, or Nevada caselaw, *Black's Law Dictionary* defines a "constructive transfer" as "[a] delivery of an item—esp. a controlled substance—by someone other than the owner but at the owner's direction." *Constructive transfer, Black's Law Dictionary* (10th ed. 2014). Indeed, an MME business license holder necessarily engages in the act of delivering when instructing the

---

[4] A "'[c]ultivation facility'" is defined as "a business that . . . [a]cquires, possesses, cultivates, *delivers*, transfers, transports, supplies or sells marijuana and related supplies." NRS 453A.056 (emphasis added). A "'[f]acility for the production of edible marijuana products or marijuana-infused products'" is defined as "a business that . . . [a]cquires, possesses, manufactures, *delivers*, transfers, transports, supplies or sells edible marijuana products or marijuana-infused products to medical marijuana dispensaries." NRS 453A.105 (emphasis added). A "'[m]edical marijuana dispensary'" is defined as "a business that . . . [a]cquires, possesses, *delivers*, transfers, transports, supplies, sells or dispenses marijuana or related supplies and educational materials to the holder of a valid registry identification card." NRS 453A.115 (emphasis added).

Supreme Court
OF
Nevada

(O) 1947A

MME on the transfer of controlled substances and, thus, is included under NAC 453A.714's grant of confidentiality for "any person who . . . delivers services."[5] NAC 453A.714.

The RGJ counters that the term "delivers" is used in conjunction with the term "services," and the exact phrase "delivers services" is defined in neither NRS Chapter 453A nor NAC Chapter 453A. However, applying a common sense reading of the term "services" in conjunction with the term "delivers" as defined under NRS Chapter 453A, one can logically infer that "services" refers to the acts of producing and distributing medical marijuana, which is the title of the subsection governing the statutes to which the regulation applies. *See* NRS 453A.320-.344; NAC 453A.300-.720. As all MME business license holders are engaged in the acts of producing or distributing medical marijuana, we conclude that the term "delivers" includes the activities of MME business license holders.

Second, during the enactment of NRS 453A.370 in 2013, the Nevada Legislature could have referenced or relied on the language of the two existing confidentiality statutes under NRS Chapter 453A, but it chose not to do so.[6] *See D.R. Horton, Inc. v. Eighth Judicial Dist. Court,*

---

[5]We also note that pursuant to NRS 0.039, a "'person' means a natural person, any form of business or social organization and any other nongovernmental legal entity." NRS 0.039. Thus, "any person" includes an MME and the business license holder of an MME.

[6]The two existing medical marijuana-related statutes are NRS 453A.610 and NRS 453A.700, which, respectively, provide confidentiality for the identifying information of (1) certain types of information used by the University of Nevada School of Medicine, and (2) "attending physician[s]" and persons who apply for or hold "registry identification

*continued on next page . . .*

125 Nev. 449, 456, 215 P.3d 697, 702 (2009) ("This court also assumes that, when enacting a statute, the Legislature is aware of related statutes."). Thus, we conclude that the Nevada Legislature intended to expand the grant of confidentiality beyond the then-existing medical marijuana-related statutes to include the identifying information of MME business license holders.[7]

## CONCLUSION

We conclude that the RGJ's petition for a writ of mandamus was a procedurally proper means for seeking the disclosure of public

---



*. . . continued*

card[s] or letter[s] of approval." NRS 453A.610 and NRS 453A.700 were both enacted in 2001, 2001 Nev. Stat., ch. 592, §§ 29, 30.2, at 3063-65, whereas NRS 453A.370 was enacted in 2013, 2013 Nev. Stat., ch. 547, § 20, at 3697.

[7]We note that the Division has since amended NAC 453A.714(1) to prohibit the disclosure of "the name or any other identifying information of any person who . . . *has applied for or to whom the Division or its designee has issued a registry identification card or letter of approval,"* in addition to those who facilitate or deliver services pursuant to Chapters 453A of the NRS and NAC. NAC 453A.714(1) (2017) (emphasis added). That amendment is consistent with the City's interpretation of NRS 453A.370 granting the Division power to make confidential the identifying information of certain persons beyond those enumerated in NRS 453A.610 and NRS 453A.700. *See Meridian Gold Co. v. State ex rel. Dep't of Taxation*, 119 Nev. 630, 635, 81 P.3d 516, 519 (2003) (noting "courts generally give great deference to an agency's interpretation of a statute that the agency is charged with enforcing" (internal quotation marks omitted)).

records. As such, the district court did not err in considering the writ petition. However, we also conclude that (1) NRS 453A.370(5) confers on the Division power to withhold identifying information of certain persons; and (2) the identifying information of MME business license holders has been expressly and unequivocally deemed confidential under NAC 453A.714 and, thus, is exempt from disclosure. Accordingly, we reverse the district court's order granting the RGJ's petition for a writ of mandamus and directing the City to disclose unredacted copies of MME business licenses.

_____, J.
Parraguirre

We concur:

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Pickering

_____, J.
Stiglich