# IN THE SUPREME COURT OF THE STATE OF NEVADA

DELBERT CHARLES COBB,
Appellant,
vs.
JAMES DZURENDA, DIRECTOR OF
NEVADA DEPARTMENT OF
CORRECTIONS; TIMOTHY FILSON;
NANCY FLORES; P. HERNANDEZ;
THE STATE OF NEVADA
DEPARTMENT OF CORRECTIONS;
AND OFFENDER MANAGEMENT
DEPARTMENT,
Respondents.

No. 78106

FILED

JUL 0 1 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge. Appellant Delbert Cobb argues that the district court erred by denying his claim that the Nevada Department of Corrections (NDOC) incorrectly calculated his parole eligibility date. We affirm.

In 2010, Cobb began serving a sentence for life without parole, following his juvenile conviction for first degree murder. After NRS 213.12135[1] was enacted, Cobb received a parole eligibility date on his life without parole sentence. NDOC calculated the 20-year statutory period for parole eligibility to begin at the same time as the life without parole sentence. Cobb argues the 20 years he must serve before becoming parole

---

[1]Establishing parole eligibility for certain prisoners serving convictions of life without parole for crimes committed as a juvenile.

20-24360

eligible should include time he served on a sentence for an unrelated juvenile conviction.

We review NDOC's interpretation of NRS 213.12135 *de novo*, *Reno Newspapers, Inc. v. Sheriff*, 126 Nev. 211, 214, 234 P.3d 922, 924 (2010), and hold that NDOC appropriately concluded that Cobb is not eligible for parole until he serves 20 calendar years *on the sentence for the murder conviction* that began in 2010. Cobb's earlier sentence was unrelated, is now expired, and, to the extent that NRS 213.12135 applies, was subject to an earlier parole eligibility date so as to be outside the intended scope of the statute. This is in line with our previous decision in *Bellon v. Williams*, where we also rejected the notion that time served on expired sentences for unrelated juvenile offenses counts towards the 20-year period under NRS 213.12135. *Bellon v. Williams*, Docket No. 75018 (Order of Affirmance, Nov. 15, 2018).

Cobb does not expressly argue that the calculation of his sentence was unconstitutional, and instead relies on *Graham v. Florida*, 560 U.S. 48, 75 (2011) (holding that a juvenile convicted of a crime with a sentence of life without parole must have a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation"), to divine the intent of the Legislature. To the extent that Cobb could be said to raise a constitutional issue under *Graham*, we also reject said argument. First, his argument was not cogently presented or supported, as was his responsibility. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (stating that this court need not consider claims that are not cogently argued or supported by relevant authority). And second, even if we were to consider the matter *sua sponte*, Cobb will

receive a meaningful opportunity to obtain parole within his lifetime, which is all that *Graham* requires. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Stiglich

cc:    Hon. Linda Marie Bell, Chief Judge
       Federal Public Defender/Las Vegas
       Attorney General/Carson City
       Attorney General/Las Vegas
       Eighth District Court Clerk