IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CITY OF LAS VEGAS, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, AND ITS DEPARTMENT OF PLANNING CODE ENFORCEMENT DIVISION,<br>Appellant,<br>vs.<br>RESOURCE TRANSITION CONSULTANTS, LLC, SOLELY IN ITS CAPACITY AS RECEIVER FOR LAS VEGAS APARTMENT LENDERS, LLC, A WASHINGTON LIMITED LIABILITY COMPANY; AND OLYMPIC COAST INVESTMENT, INC., A WASHINGTON CORPORATION, SOLELY WITH RESPECT TO PROPERTY ABANDONED BY ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON, ET AL., AND PARTICIPANTS IN OLYMPIC COAST INVESTMENT, INC., LOAN NO. 26067 AND LAS VEGAS APARTMENT LENDERS LLC, LOAN NO. 27,000,<br>Respondents. | No. 83455<br><br>FILED<br><br>OCT 3 1 2022<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>DEPUTY CLERK |

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting a petition for a writ of mandamus. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant City of Las Vegas (the City) recorded liens for $2,285,480.20 in abatement costs it incurred to clear a site under respondent Resource Transition Consultants, LLC (RTC)'s control and separate liens for $1,901,250 in discretionary civil penalties. The site

22-33980

consisted of multiple parcels, including parcels with numerous residential units, and violations lasted for over 89 days until the City could abate the nuisances. RTC only disputed the civil penalties which were assessed at $750 per day for 39 days on each individual parcel, and which also accounted for the number of residential units on each parcel. After oral arguments, the Las Vegas City Council (the City Council) designee approved the proposed daily civil penalties against RTC which totaled $1,901,250. The district court granted RTC's petition for a writ of mandamus and vacated the discretionary civil penalties, finding that the designee lacked subject matter jurisdiction because the penalties assessed exceeded the jurisdictional amount a hearing commissioner could levy. The City appeals.

This court reviews a district court's decision to grant or deny a writ petition for an abuse of discretion. *Reno Newspapers, Inc. v. Haley*, 126 Nev. 211, 214, 234 P.3d 922, 924 (2010). When the writ petition raises questions of statutory interpretation, the review is de novo. *Id.* The district court's interpretation and construction of a statute, including the administrative construction of statutes, presents a question of law that is reviewed de novo. *Elizondo v. Hood Mach., Inc.*, 129 Nev. 780, 784-85, 312 P.3d 479, 482 (2013).

The City Council, as a governing body of a city, was authorized to adopt, by ordinance, procedures to regulate nuisances. *See* NRS 268.4122. NRS 268.4122(2)(a) specifies the required procedures that an ordinance must contain, including that the owner is "[a]fforded an opportunity for a hearing before the designee of the governing body relating to the imposition of civil penalties and an appeal of that decision. The ordinance must specify whether all such appeals are to be made to the governing body or to a court of competent jurisdiction." NRS 268.4122(2)(a)(4). The City Council, in turn, adopted the Las Vegas

Municipal Code (LVMC) 9.04.100(A), which provides that a hearing on a nuisance abatement report would be heard by "the City Council or before the City Council's designee." Through the code, the City designated that appeals were to be made to the governing body rather than a court.

The City's enforcement of the nuisance statute is an exercise of its legislative, policy, and police powers pursuant to the Las Vegas City Charter (LVCC), section 2.260 ("Powers of City Council: Nuisance"). The City Council is the one who "[p]rovide[s] any other penalty for or punishment of any person who is responsible for any nuisance." LVCC § 2.260(4). It follows then that the designee's power to make such decisions stems from this section rather than that of a "[h]earing [c]ommissioner" under LVCC § 4.040 as argued by the RTC, and the limitations of the municipal court therefore do not apply.[1] To conclude otherwise and treat the City Council designee as a hearing commissioner would disregard the Legislature's intent and the Las Vegas City Charter. *Compare* LVCC 4.040 (hearing commissioner), *with* LVMC § 2.22.010 (stating that the hearing examiner is "to act on behalf of the Council . . . in conducting any disciplinary proceedings as provided in Title 6"), and LVMC 7.04.295 (defining hearing officer expressly as "a person appointed by the City Manager or a designee" under Title 7). Thus, the district court erred in concluding that the City Council designee was subject to the same restrictions as a hearing commissioner.

---

[1]While RTC is correct that hearing commissioners are authorized under LVCC § 4.040(1) to hear and decide misdemeanor violations, the penalties imposed herein are civil and are inherently distinct from the criminal misdemeanor violations RTC refers to. *See* LVMC 9.04.030 (criminal penalties); *but see* LVMC 9.04.040 (civil liability). These are two separate sections and the penalties imposed in this case were civil and pursuant to LVMC 9.04.040.

Supreme Court
OF
Nevada

(O) 1947A

3

The district court's error was further compounded by its treatment of the civil penalty as based on a single violation. The district court addressed the civil penalty issue as fixed amounts per parcel instead of recognizing that the amounts were cumulative, constituting multiple adjudicated nuisance violation penalties.

The City Council designee found that violations occurred for each nuisance for each day that the nuisance remained unabated by RTC. The civil penalties were then calculated and assessed as to each separate violation, with the City Council designee imposing a $750 penalty per each violation. This amount is substantially below the statutory maximum of $5,000 per violation. *See* NRS 202.480(1)(b). We perceive no error in the City Council designee's decision in assessing the number and individuality of the nuisance violations and in imposing a $750 penalty for each violation. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

---

[2]In light of this order, we need not address the other arguments raised by the parties.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Judge Elizabeth Goff Gonzalez, Eighth Judicial District Court
Lansford W. Levitt, Settlement Judge
Las Vegas City Attorney
Fleming Law Firm, PLLC
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A