134 Nev., Advance Opinion 19

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| COMSTOCK RESIDENTS ASSOCIATION; AND JOE MCCARTHY, Appellants, vs. LYON COUNTY BOARD OF COMMISSIONERS, Respondent. | No. 70738 FILED MAR 29 2018 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY _____ CHIEF DEPUTY CLERK |

Appeal from a district court order denying a petition for a writ of mandamus concerning disclosures under a public records request. Third Judicial District Court, Lyon County; Steven R. Kosach, Senior Judge.

*Reversed and remanded.*

John L. Marshall, Reno; Luke A. Busby, Reno, for Appellants.

Stephen B. Rye, District Attorney, Lyon County, for Respondent.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, CHERRY, J.:

In this appeal, we consider a district court's denial of a petition for a writ of mandamus to compel disclosure of records where members of the Lyon County Board of Commissioners conducted county business on private cellphones and email accounts. We conclude that the grounds on which the district court denied the records requests were erroneous and

18-12053

remand this case to the district court to determine whether the requested records concern "the provision of a public service," as defined in *Las Vegas Metropolitan Police Department v. Blackjack Bonding, Inc.*, 131 Nev. 80, 86, 343 P.3d 608, 613 (2015), and this opinion, and are within the control of the county or its commissioners.

## FACTS AND PROCEDURAL HISTORY

In 2013, the Lyon County Board of Commissioners received an application to alter the zoning within Lyon County to allow for industrial development. The Board received reports from the county's planning staff and held public hearings, after which they voted to recommend denying the proposed zoning change. At a subsequent meeting of the county commissioners, the issue was reintroduced and the zoning change approved. Appellant, the Comstock Residents Association (CRA), brought suit against the Board, challenging the approval of the zoning change.

As part of that suit, CRA made a public records request of Lyon County and its commissioners, seeking communications concerning the approval of the zoning change, regardless of whether they occurred on public or private devices. Lyon County provided phone records, emails, and other records that were created or maintained on county equipment and some public records created on private devices as well. However, Lyon County also notified CRA that it did not provide or pay for phones or email accounts to any commissioners. The county's website listed the commissioners' personal phone numbers and email addresses as their contact information. The county concedes that these private telephones and email addresses were used to conduct county business.

CRA subsequently filed a petition for a writ of mandamus to compel the county to disclose all public records of the commissioners'

communications regarding the change to the county's zoning plan, including those communications contained on the commissioners' private cell phones and email accounts. The district court denied CRA's petition, reasoning that the records were not (1) open to public inspection, (2) within the control of the county, and (3) records of official actions of the county or paid for with public money. CRA subsequently appealed to this court.

## DISCUSSION

### Standard of review

This court reviews the denial of a writ petition for abuse of discretion, but reviews questions of statutory interpretation de novo. *Blackjack*, 131 Nev. at 85, 343 P.3d at 612.

### Communications on private devices or servers are not categorically exempt from the Nevada Public Records Act

Under the Nevada Public Records Act (NPRA), codified in NRS Chapter 239, all public books and public records of a governmental entity must be open to public inspection unless declared by law to be confidential. NRS 239.010(1). A governmental entity includes elected or appointed officers of this state's political subdivisions. NRS 239.005(5)(a). The NPRA is intended to "foster democratic principles by providing members of the public with access to inspect and copy public . . . records to the extent permitted by law," and this court will construe the Act's provisions liberally to achieve this purpose. NRS 239.001(1), (2). It is in the interest of transparency that the NPRA facilitates "public access to information regarding government activities." *PERS v. Reno Newspapers, Inc.*, 129 Nev. 833, 836-37, 313 P.3d 221, 223 (2013). To achieve the important democratic principles served by the NPRA, we begin from a presumption that public records must be disclosed to the public. *Id.* at 837, 313 P.3d at 223-24. The burden is then on the governmental entity to show by a preponderance of

 

the evidence that the records sought are either confidential by statutory provision, or the balance of interests weighs clearly in favor of the government not disclosing the requested records. *Id.* at 837, 313 P.3d at 224. Even in the instance that an exemption on disclosure is applicable or the balance of interests weighs against disclosure, the restriction "must be construed narrowly." NRS 239.001(3). Amongst the things considered public records, subject to disclosure under the NPRA, are records of private entities used in "the provision of a public service." *Blackjack*, 131 Nev. at 86, 343 P.3d at 613; *see also* NRS 239.001(4).

### A. *Public records are not limited to records maintained in government offices, but include all records concerning the provision of a public service*

The Board first argues that the district court properly denied the records request on the ground that the records were not open to public inspection. The Board asserts that NRS 239.010(1)'s requirement that all public records "be open at all times during office hours to inspection by any person" indicates that only records maintained in government offices constitute public records.

On its face, NRS 239.010(1) does not state that only records maintained in government offices constitute public records, and the requirement that public records "be open at all times during office hours to inspection by any person" is not clear as to whether those records must be immediately available on demand at a government office. Therefore, we look at other provisions in the NPRA for guidance, and the Board's interpretation contradicts other provisions of the NPRA and our precedent on this topic. *See Watson Rounds P.C. v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 79, 358 P.3d 228, 232 (2015) ("[W]henever possible, a court will interpret a rule or statute in harmony with other rules or statutes."

(quoting *Nev. Power Co. v. Haggerty*, 115 Nev. 353, 364, 989 P.2d 870, 877 (1999))).

"The use of private entities in the provision of public services must not deprive members of the public access to inspect and copy books and records relating to the provision of those services." NRS 239.001(4). The NPRA further allows five business days for a governmental entity to resolve a public records request. NRS 239.0107(1). In light of these requirements, NRS 239.010(1) cannot be read as limiting public records to those that are physically maintained at a government location or on a government server and are immediately accessible to the public during the business hours of that governmental entity. Such an interpretation would render both NRS 239.001(4) and NRS 239.0107 meaningless, as the records of private entities rendering public services would not necessarily be stored at the government office, and providing a time frame for resolving a records request would be unnecessary if records were required to be immediately produced for inspection at that location. Because of this, we reject the Board's interpretation.

Furthermore, the Board's argument contradicts this court's previous decisions where we have compelled the production of public records when they have been in the possession of private parties, *see Blackjack*, 131 Nev. at 82, 86-87, 343 P.3d at 610, 613 (concluding that Clark County Detention Center call records were subject to disclosure under a public records request even though the records were in the possession of a private telephone service provider), and addressed whether individual emails sent by a government official were subject to disclosure under a public records request, despite the fact that emails are not open for immediate inspection at a government office, *see Reno Newspapers, Inc. v.*

*Gibbons*, 127 Nev. 873, 876, 885-86, 266 P.3d 623, 625, 631 (2011) (requiring specific reasons for withholding the governor's emails sent on a state-issued email account from disclosure under the NPRA). The logical interpretation of NRS 239.010(1), and the one that best satisfies the Legislature's requirement to construe the Act liberally to maximize public access, NRS 239.001(2), is that public records maintained by government agencies must be readily available for inspection by the public, but this statute does not limit what qualifies as a public record.

The proper question for determining whether the requested records maintained on the county commissioners' private cellphones and email accounts constitute public records subject to disclosure under a public records request, *see* NRS 239.001(4), is whether they concern "the provision of a public service" as defined in *Blackjack*, 131 Nev. at 86, 343 P.3d at 613. In *Blackjack*, we held that where a private entity possesses records of a governmental entity performing "a service rendered in the public interest," those records constitute public records and must be disclosed pursuant to the NPRA. *Id.* at 85-86; 343 P.3d at 612-13 (quoting *Merriam-Webster's Collegiate Dictionary* 944 (10th ed. 1994)). While the public service in *Blackjack* was the provision of telephones at Clark County Detention Center, *id.* at 83, 343 P.3d at 611, we find its definition of a public record to be applicable here.

Here, Lyon County concedes that its commissioners conducted county business, performing their duties as public servants, through their private phones and email addresses. It is further clear that the commissioners themselves are governmental entities, subject to the NPRA. NRS 239.005(5)(a). Because this court must liberally construe NRS Chapter 239 in order to facilitate "public access to information regarding

government activities," *PERS*, 129 Nev. at 836-37, 313 P.3d at 223, and records of communications regarding the zoning change in Lyon County exist on the commissioners' private phones and servers, communications made in the performance of the commissioners' duties on behalf of the public fall within this definition of a public service. The NPRA's requirement of transparency in the performance of government activities necessarily includes within the definition of the provision of a public service actions performed by governmental entities for the public's benefit. A number of jurisdictions have come to similar conclusions that records concerning the performance of the public's business are public, *see, e.g., City of San Jose v. Superior Court*, 389 P.3d 848, 854 (Cal. 2017); *Doyle v. Town of Falmouth*, 106 A.3d 1145, 1149 (Me. 2014); *Cowles Publ'g Co. v. Kootenai Cty. Bd. of Cty. Comm'rs*, 159 P.3d 896, 900 (Idaho 2007); *City of Champaign v. Madigan*, 992 N.E.2d 629, 636-37 (Ill. Ct. App. 2013), and their storage on private devices does not alter that determination, *see, e.g., City of San Jose*, 389 P.3d at 858; *Nissen v. Pierce Cty.*, 357 P.3d 45, 53-54 (Wash. 2015); *City of Champaign*, 922 N.E.2d at 639. However, the district court did not make any findings as to which specific communications were made in furtherance of the public's interests or would be exempt from the NPRA, and we remand this matter to the district court with instructions to determine whether the requested records regard the provision of a public service and are subject to disclosure.

*B. Records that can be generated or obtained by the county or its commissioners are within the county's control*

In denying the petition, the district court also concluded that the records were not public records because they were not in the control of the county. The Board contends that public records are only subject to requests if they are within the legal custody or control of "[a]n officer,

employee or agent of a governmental entity." NRS 239.010(4). They argue that under NAC 239.041, the governmental entity must have all rights of access to the record and be charged with its care for the record to be within the entity's legal custody. Because the Board is not charged with maintaining records of the private emails and phone communications of its commissioners, the Board concludes the county does not have legal custody or control of the records in question.

While NAC 239.041 provides a definition of legal custody, this regulation applies to local government records management programs created under NRS 239.125(1) and serves to determine whether requests for public records of a certain type are properly directed to that program. The administrative regulations do not limit the reach of the NPRA, but merely establish regulations for good records management practices of those local programs. *See* NRS 239.125(1); *see also* NRS 378.255(1) (indicating that the State Library, Archives and Public Records Administrator may set standards for the effective management of records of local and state government entities). The best practices for local government record management and what constitutes a public record for purposes of the NPRA are distinct, and we are careful not to conflate them here.[1]

---

[1]This same analysis applies to the district court's findings that the designation of "nonrecord materials" as those that are not records of an official government action, NAC 239.051, and definition of public record as one paid for with public money, NAC 239.091 (repealed 2014), are dispositive in determining whether the records sought fall under the NPRA. Both are administrative regulations pertaining to local records management programs, and do not determine the overall scope of the NPRA for the reasons discussed.

As discussed above, a record within the possession of a private entity may still constitute a public record subject to disclosure upon request. *See* NRS 239.001(4); *Blackjack*, 131 Nev. at 82, 86-87, 343 P.3d at 610, 613. It does not follow, then, that a public record is inherently beyond the control of a governmental entity by virtue of the fact that it exists on a device or server not designated as governmental. While Lyon County does not provide the subject phones or email accounts, the commissioners themselves are governmental entities, NRS 239.005(5)(a), and their custody of the requested records would satisfy the requirement of legal custody under NRS 239.010(4).

In *Blackjack*, we concluded that the Las Vegas Metropolitan Police Department had sufficient control of the requested public records based on "substantial evidence . . . that the requested information could be generated [by the private entity] . . . and could be obtained [by the governmental entity]." 131 Nev. at 86-87, 343 P.3d at 613. Whether the governmental entity had effective control over the requested record is a question of fact, and therefore, the district court erred by strictly applying the administrative definition of legal custody and it is incumbent on the

Additionally, the Board's citation to *Nevada Policy Research Institute, Inc. v. Clark County School District*, Docket No. 64040 (Order of Reversal and Remand, May 29, 2015), in support of applying the definitions of public records given in NAC 239.051 and NAC 239.091 (repealed 2014) is unpersuasive. We consider, for their persuasive value, unpublished dispositions filed after January 1, 2016. NRAP 36(c)(3). As the cited unpublished disposition was issued prior to January 1, 2016, it is not considered for its persuasive value here.

district court, on remand, to determine whether the commissioners are able to produce the requested public records.[2]

---

[2]The Board also raises two other arguments regarding the practicality of disclosing public records maintained on private devices or servers and the potential for these public records requests to violate the privacy rights of the county commissioners. The Board has only speculated that some of the records requested may be difficult to obtain or would require the county to adopt costly practices for maintaining such records. We see no certain connection between concluding that public records stored on private devices or servers may be subject to disclosure and a requirement that the county take costly measures to maintain and manage private servers and devices. Our decision here is limited to our holding that public records stored on private devices or servers may still be subject to disclosure under the NPRA. Moreover, if any commissioner wishes to challenge the disclosure of any particular record, they are free to do so in the district court.

The Board's argument that the privacy rights of the commissioners could be violated by disclosing public records from the commissioners' private devices and emails cannot be evaluated without further development of the district court record. Having concluded that public records are not beyond the NPRA's reach merely because they are privately maintained, we decline any bright line rule that privacy concerns always outweigh the presumption that public records are to be disclosed. *PERS*, 129 Nev. at 837, 313 P.3d at 223-24. Although only those records that concern the public's business are subject to disclosure, there are privacy protections available that allow the district court to determine the public records are protected as confidential, *id.* at 837, 313 P.3d at 224, find the interest in nondisclosure clearly outweighs the interest in disclosure, *id.*, or redact portions of the record not required to be disclosed as a public record, *Reno Newspapers, Inc. v. Haley*, 126 Nev. 211, 219-20, 234 P.3d 922, 927-28 (2010). However, the governmental entity bears the burden to make a particularized showing that the public record is exempt from disclosure, *Gibbons*, 127 Nev. at 880, 266 P.3d at 628, and "[a] mere assertion of possible endangerment" is not sufficient, *Haley*, 126 Nev. at 218, 234 P.3d at 927 (quoting *CBS, Inc. v. Block*, 725 P.2d 470, 474 (Cal. 1986)).

 

## CONCLUSION

We conclude that the NPRA does not categorically exempt public records maintained on private devices or servers from disclosure. To withhold a public record from disclosure, the government entity must present, with particularity, the grounds on which a given public record is exempt. We reverse and remand to the district court for further proceedings to determine whether the requested records were made in "the provision of a public service," as defined in *Las Vegas Metropolitan Police Department v. Blackjack Bonding, Inc.*, 131 Nev. 80, 86, 343 P.3d 608, 613 (2015), and this opinion, and are in the control of the county or its commissioners. If it is determined that the requested records indeed constitute public records, the county or the commissioners themselves may raise any challenge to the presumption that the public records are to be disclosed.

_____Cherry_____, J.
Cherry

We concur:

_____Douglas_____, C.J.
Douglas

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Gibbons_____, J.
Gibbons

_____Hardesty_____, J.
Hardesty

_____Stiglich_____, J.
Stiglich