**136 Nev., Advance Opinion 11**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| STATE OF NEVADA DEPARTMENT OF EMPLOYMENT, TRAINING & REHABILITATION, EMPLOYMENT SECURITY DIVISION, Appellant, vs. SIERRA NATIONAL CORPORATION, D/B/A THE LOVE RANCH, A NEVADA CORPORATION, Respondent. | No. 76639 |

**FILED**

MAR 2 6 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

Appeal from an order granting a petition for a writ of mandamus seeking the disclosure of audit records under the Nevada Public Records Act. First Judicial District Court, Carson City; James Todd Russell, Judge.

*Affirmed.*

State of Nevada Department of Employment, Training & Rehabilitation, Employment Security Division, and Troy Curtis Jordan, Laurie L. Trotter, and Tracie K. Lindeman, Carson City,
for Appellant.

Simons Hall Johnston and Anthony L. Hall and Ricardo N. Cordova, Reno,
for Respondent.

BEFORE THE COURT EN BANC.

20-11558

By the Court, SILVER, J.:

The Nevada Public Records Act (NPRA), codified in NRS Chapter 239, provides that all public records are subject to public inspection unless they are declared by law to be confidential. In this case, Sierra National Corporation, d/b/a the Love Ranch, filed a public records request with the Department of Employment, Training & Rehabilitation (DETR), requesting various records related to audits of the Love Ranch and other legal brothels. The primary issue before us is whether the requested records are confidential under NRS 612.265, which addresses the confidentiality and dissemination of information obtained by DETR's Employment Security Division. Because we conclude that NRS 612.265 does not categorically exempt the requested records from disclosure, we affirm the district court's order granting Love Ranch's petition and compelling DETR to comply with the request.

*FACTS*

In late 2016, DETR's Employment Security Division (ESD) audited the Love Ranch, a legal brothel located in Lyon County. The ESD concluded the sex workers at the Love Ranch were employees and that the Love Ranch had to contribute to the Unemployment Compensation Fund accordingly. The Love Ranch filed an administrative appeal and requested the appeal tribunal issue subpoenas compelling DETR to produce all records related to the audit, past audits and decisions regarding the Love Ranch, and audits and decisions related to other brothels.

The Love Ranch then made a formal public records request pursuant to the NPRA to DETR's public records officer. Like its earlier request for subpoenas, the Love Ranch's NPRA request asked for all

 

information and records related to the audit, to past audits and decisions regarding the Love Ranch, and to audits and decisions related to other brothels. The Love Ranch further requested all communications between DETR staff regarding the audit, the pending appeal, and audits of other brothels. To the extent the request encompassed confidential information, the Love Ranch instructed DETR to redact that information and provide citations to the relevant legal authority. DETR denied the NPRA request. The Love Ranch then petitioned the district court for a writ of mandamus, which the district court granted. This appeal followed.

## DISCUSSION

The overarching question presented by the parties is whether the requested information is exempt from disclosure under NRS 239.010 and NRS 612.265.[1] Although we "review[ ] a district court's decision to

---

[1]DETR additionally argues the NPRA request lacked the specificity required by the Nevada Administrative Code and the *Nevada Public Records Act Manual*. We conclude that NAC 239.863 requires only that the request be sufficiently specific for the governmental entity to identify the records. The Love Ranch's request provided sufficient information for DETR to identify responsive records. To the extent DETR needed more than five days to comply with the request, or additional information from the Love Ranch regarding whether the request encompassed certain records, NRS 239.0107(1)(c) provides this flexibility.

We also reject DETR's arguments regarding jurisdiction, the separation of powers, and the propriety of writ relief given the Love Ranch's pending administrative appeal. We have repeatedly held that under NRS 239.011(1), a petition for a writ of mandamus is the proper method to contest the denial of a public records request. *See, e.g., City of Sparks v. Reno Newspapers, Inc.*, 133 Nev. 398, 399-400, 399 P.3d 352, 354-55 (2017); *DR Partners v. Bd. of Cty. Comm'rs*, 116 Nev. 616, 621, 6 P.3d 465, 468 (2000). And barring a party from requesting records under NRS Chapter 239 based upon pending litigation or the motive for the request would place limits on access to public records that are not contemplated by our statutes.

grant or deny a petition for a writ of mandamus under an abuse of discretion standard," when presented with questions of statutory interpretation, our review is de novo. *Pub. Emps.' Ret. Sys. of Nev. v. Reno Newspapers, Inc.*, 129 Nev. 833, 836, 313 P.3d 221, 223 (2013).

NRS 239.010(1)[2] generally states that "all public books and public records of a governmental entity must be open at all times during office hours to inspection by any person." But it also provides for exceptions where a record is "declared by law to be confidential" and includes a long list of statutory exceptions.[3] NRS 239.010(1). One of the listed statutory exceptions is NRS 612.265, which governs the ESD's disclosure of information obtained pursuant to the administration of NRS Chapter 612

---

*See Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev. 80, 84 n.2, 343 P.3d 608, 611 n.2 (2015) (observing that a requester's motive is not relevant to the duty to disclose under the NPRA); *Comstock Residents Ass'n v. Lyon Cty. Bd. of Comm'rs*, 134 Nev. 142, 143, 414 P.3d 318, 320 (2018) (addressing a case where a residents' association sued the local board of commissioners and, "[a]s part of that suit," made a public records request for information that pertained to the lawsuit).

[2]The NPRA was amended in 2019, but those amendments do not apply here. *See* 2019 Nev. Stat., ch. 612, § 11, at 4008. Therefore, all references in this opinion are to the statutes that were in effect prior to 2019.

[3]But to the extent DETR argues that this list of statutory exceptions creates categorical exemptions, this argument is belied by NRS 239.010's plain language, which allows public access to public records insofar as the information is not expressly made confidential by other law. NRS 239.010(1). We are also not persuaded by DETR's argument that the 2013 amendments broadened exemptions to the NPRA. *See, e.g., PERS v. Nev. Policy Research Inst., Inc.*, 134 Nev. 669, 672 n.2, 429 P.3d 280, 284 n.2 (2018) (clarifying the application of the statute at issue in *City of Sparks v. Reno Newspapers, Inc.*, 133 Nev. 398, 399 P.3d 352 (2017), and contrasting the statute at issue in *Nevada Policy Research*).

or of the determination of a person's unemployment benefit rights. NRS 612.265(1).

Of paramount importance in any public records case is the policy underlying the NPRA. "[T]he purpose of the NPRA is to further the democratic ideal of an accountable government by ensuring that public records are broadly accessible," which "promote[s] government transparency and accountability." *Reno Newspapers, Inc. v. Gibbons*, 127 Nev. 873, 877-78, 266 P.3d 623, 626 (2011).

In furtherance of this purpose, we presume that the requested public records must be disclosed unless the governmental entity demonstrates that either (1) the records are confidential by law or (2) the balance of interests weighs against disclosure. *Comstock Residents Ass'n*, 134 Nev. at 144, 414 P.3d at 320. In either circumstance, the restriction on public access is narrowly construed. *Id.*; *see also Gibbons*, 127 Nev. at 878, 266 P.3d at 626. Similarly, under legislative mandate, we must liberally construe the NPRA's provisions to maximize the public's right to access records. NRS 239.001(2); *Clark Cty. Sch. Dist. v. Las Vegas Review-Journal*, 134 Nev. 700, 703, 429 P.3d 313, 317 (2018). The governmental entity bears the burden of proving by a preponderance of the evidence that any withheld records are confidential by law. NRS 239.0113.

Consistent with these principles, we narrowly interpret the statutes listed in NRS 239.010(1) as exceptions to the broad duty to disclose public records. *See, e.g.*, *PERS v. Nev. Policy Research Inst., Inc.*, 134 Nev. 669, 672-76, 429 P.3d 280, 283-86 (2018) (addressing NRS 286.110(3) and NRS 286.117 and concluding the requested information was not confidential by law and that the interest in nondisclosure did not outweigh the public's interest); *Reno Newspapers, Inc.*, 129 Nev. at 838, 313 P.3d at

 

224 (considering the extent to which governmental entity's records were exempt from the NPRA under NRS 286.110); *Reno Newspapers, Inc. v. Haley*, 126 Nev. 211, 212, 234 P.3d 922, 923 (2010) (considering whether the identity of a person with a concealed firearms permit was confidential under NRS 202.3662).

Turning to the statute at issue here, NRS 612.265(1) provides,

> Except as otherwise provided in this section and NRS 239.0115 and 612.624, information obtained from any employing unit or person pursuant to the administration of this chapter and any determination as to the benefit rights of any person is confidential and may not be disclosed or be open to public inspection in any manner which would reveal the person's or employing unit's identity.[4]

Under a narrow construction of that provision, the information provided to the ESD and its benefits determinations are confidential only to the extent those records "would reveal the person's or employing unit's identity."[5]

---

[4]NRS 612.265 was amended in 2019. Those amendments do not apply here. *See* 2019 Nev. Stat., ch. 528, § 16(2), at 3166 (providing that amendments become effective on July 1, 2019).

[5]We are unpersuaded by DETR's reliance on NRS 612.265(2), which provides that a claimant or his or her legal representative may have access to the ESD's records "to the extent necessary for the proper presentation of the claimant's claim in any proceeding [under NRS Chapter 612]" but that the claimant and employer are not entitled "to information from the records of the [ESD] for any other purpose." That subsection enables NRS Chapter 612 litigants to obtain information as necessary for an NRS Chapter 612 proceeding, but it does not broaden the otherwise limited nature of the confidentiality set forth in NRS 612.265(1)—to protect the person's and the employing unit's identity.

As DETR did not address NRS 612.265(13) and (14) in the proceedings below, we do not address them here. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in

Here, the Love Ranch's public records request specified that it did *not* encompass information that would reveal the identity of any person or employing unit. And the district court compelled DETR to allow access to the *requested* records, nothing more. In short, the request comported with NRS 612.265(1)'s mandate that certain information within the ESD's records is confidential and shall not be disclosed, and DETR can comply with the request and the district court's writ without violating NRS 612.265. Accordingly, we conclude writ relief was appropriate and the district court did not abuse its discretion by granting the petition.[6]

## *CONCLUSION*

The Nevada Public Records Act provides that all public records held by government entities are public information and, unless the records are made confidential by law, they are subject to public inspection. To further the Act's purpose, we presume public records must be disclosed and narrowly construe any restrictions on disclosure. Applying those rules, we conclude that NRS 612.265 protects from disclosure a person's or employing unit's identity but otherwise does not prohibit disclosure of the ESD's records. Because the request here expressly excluded any records that would reveal a person's or employing unit's identity and the district court

---

the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

[6]The district court concluded that DETR waived any confidentiality and privilege arguments by failing to raise them in its letter denying the public records request. But as we have recently held, a governmental entity does not waive confidentiality or privilege in those circumstances. *Clark Cty. Coroner's Office v. Las Vegas Review-Journal*, 136 Nev., Adv. Op. 5, ___ P.3d ___ (February 27, 2020); *Republican Att'ys Gen. Ass'n v. Las Vegas Metro. Police Dep't*, 136 Nev., Adv. Op. 3, 458 P.3d 328 (2020).

did not compel disclosure of any records beyond those requested,[7] we affirm the district court's order granting the petition for a writ of mandamus.[8]

_____, J.
Silver

We concur:

_____, C.J.
Pickering

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Gibbons

_____, J.
Parraguirre

_____, J.
Cadish

---

[7]The district court's order does not preclude DETR or the ESD from redacting identifying information that is confidential under NRS 612.265(1) or providing a privilege log for any records containing information that cannot be redacted, particularly in regards to third parties. *See, e.g., Clark Cty. Coroner's Office v. Las Vegas Review-Journal*, 136 Nev., Adv. Op. 5, ___ P.3d ___ (February 27, 2020) (explaining a district court may not order production of unredacted juvenile autopsy reports where those reports contain information that should be redacted); *see also Gibbons*, 127 Nev. at 882-83, 266 P.3d at 629 (addressing privilege logs).

[8]Because we agree the district court properly granted the Love Ranch's petition, we likewise affirm the district court's award of attorney fees. *See* NRS 239.011(2).