136 Nev., Advance Opinion 42

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA, DEPARTMENT OF TAXATION, Petitioner, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ELIZABETH GONZALEZ, DISTRICT JUDGE, Respondents, and NEVADA WELLNESS CENTER, LLC, Real Party in Interest. | No. 80637 **FILED** JUL 09 2020 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Original petition for a writ of mandamus or prohibition challenging a district court order compelling discovery.

*Petition granted.*

Aaron D. Ford, Attorney General, Steven G. Shevorski, Chief Litigation Counsel, and Kiel B. Ireland, Deputy Attorney General, Carson City, for Petitioner.

Parker, Nelson & Associates and Theodore Parker and Mahogany A. Turfley, Las Vegas, for Real Party in Interest.

---

BEFORE PARRAGUIRRE, HARDESTY and CADISH, JJ.

*OPINION*

By the Court, HARDESTY, J.:

In this original writ petition, we must determine whether a government entity has "possession, custody, or control" over the content on

20-25204

the personal cell phones of former workers hired through a temporary employment agency, so as to be required under NRCP 16.1 to disclose that material. This court has yet to define "possession, custody, or control" within the meaning of the Nevada Rules of Civil Procedure. We now hold that a party has "possession, custody, or control" over documents, electronically stored information, or tangible things if the party has either actual possession of or the legal right to obtain the material. We conclude that the personal cell phones here fall outside the government entity's "possession, custody, or control" under NRCP 16.1.

*FACTS AND PROCEDURAL HISTORY*

Petitioner, the State of Nevada Department of Taxation, licenses and regulates Nevada's marijuana businesses through its Marijuana Enforcement Division. Pursuant to statutory authority, the Department entered into an independent contractor relationship with Manpower, a temporary employment agency. *See* NRS 333.700 (permitting a State agency to engage the services of an independent contractor, subject to the approval of the Board of Examiners, under certain circumstances). Through Manpower, the Department hired and trained eight temporary workers (hereinafter, the Manpower workers) to rank the hundreds of applications received for recreational marijuana establishment licenses pursuant to evaluation criteria in 2018. The contract between Manpower and the Department provided that neither Manpower "nor its employees, agents, nor representatives shall be considered employees, agents, or representatives of the State."

Real party in interest, Nevada Wellness Center, LLC, unsuccessfully applied for recreational marijuana establishment licenses in several jurisdictions throughout the State. Thereafter, Nevada Wellness

brought suit against the Department, among other defendants, generally alleging that the Department employed unlawful and unconstitutional application procedures in awarding licenses. Nevada Wellness moved the district court for an order directing the Department "to preserve relevant electronically stored information from servers, stand-alone computers, and/or cell phones." Following a hearing on the motion, the discovery commissioner issued a report and recommendation granting the motion. The discovery commissioner found that the Department both used and trained the Manpower workers to evaluate and score the dispensary applications. The discovery commissioner recommended that the Department make available for copying "all cell phones (personal—only if used for work purposes—and/or business) of each such person that assisted in the processing of" recreational marijuana licenses. The discovery commissioner likewise extended certain protections to the Manpower workers, such as prohibiting access to cell phone data until the Department and Nevada Wellness "agree[ ] to a procedure to protect non-discoverable confidential data or the [c]ourt allows such access by subsequent order."

The Department objected, arguing that it had an independent contractor relationship with Manpower, such that the Department had no control over the Manpower workers and could not mandate their compliance with the discovery order. The district court denied the Department's objection, and when the Department failed to make the Manpower workers' cell phones available for inspection, Nevada Wellness moved to compel their production. The district court granted Nevada Wellness's motion to compel and ordered the Department to "produce the cell phones, as identified in the [report and recommendation], and all information obtained from the cell phones immediately."

The Department now petitions this court for a writ of prohibition or mandamus barring enforcement of the district court's discovery order. The Department maintains that it has no duty to seize, duplicate, and produce the Manpower workers' cell phones because the Department lacks "possession, custody, or control" pursuant to NRCP 16.1 over the phones.

## DISCUSSION

*Writ relief*

"A writ of prohibition may issue to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the jurisdiction of the district court."[1] *Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012); NRS 34.320. Because a writ petition seeks extraordinary relief, the consideration of the petition is within our sole discretion. *Okada v. Eighth Judicial Dist. Court*, 134 Nev. 6, 8, 408 P.3d 566, 569 (2018). Where there is no "plain, speedy and adequate remedy in the ordinary course of law," extraordinary relief may be available. NRS 34.330.

Discovery matters are entrusted to the sound discretion of the district court, and we generally decline to consider discovery orders by writ petition. *Club Vista*, 128 Nev. at 228, 276 P.3d at 249. However, we have elected to intervene where the challenged discovery order would cause irreparable harm, *id.*, or where "an important issue of law needs clarification and public policy is served by this court's invocation of its

---

[1]We deny the Department's request for mandamus relief because "prohibition is a more appropriate remedy for the prevention of improper discovery than mandamus." *Wardleigh v. Second Judicial Dist. Court*, 111 Nev. 345, 350, 891 P.2d 1180, 1183 (1995).

original jurisdiction." *Okada v. Eighth Judicial Dist. Court*, 131 Nev. 834, 840, 359 P.3d 1106, 1110 (2015) (internal quotation marks omitted).

Here, the Department maintains that it has no duty to seize the personal cell phones of the Manpower workers to produce the content therein under NRCP 16.1(a)(1)(A)(ii) because it does not have "possession, custody, or control" of the cell phones of these nonparties. Because this court has yet to define "possession, custody, or control" within the meaning of the Nevada Rules of Civil Procedure, and because diverging federal authority risks imposing inconsistent results for different litigants, we exercise our discretion to consider this petition for a writ of prohibition in the interest of clarifying the law in Nevada.

*"[P]ossession, custody, or control" as used in the Nevada Rules of Civil Procedure*

"Discovery matters are within the district court's sound discretion, and we will not disturb a district court's ruling regarding discovery unless the court has clearly abused its discretion." *Club Vista*, 128 Nev. at 228, 276 P.3d at 249. However, the interpretation of NRCP 16.1, governing mandatory disclosures, is a question of law that we review de novo. *See Toll v. Wilson*, 135 Nev. 430, 433, 453 P.3d 1215, 1218 (2019); *New Horizon Kids Quest III, Inc. v. Eighth Judicial Dist. Court*, 133 Nev. 86, 89, 392 P.3d 166, 168 (2017).

NRCP 16.1(a)(1)(A)(ii) requires a party to disclose

> a copy—or a description by category and location— of all documents, electronically stored information, and tangible things that the disclosing party has in its *possession, custody, or control* and may use to support its claims or defenses, including for impeachment or rebuttal, and, unless privileged or protected from disclosure, any record, report, or witness statement, in any form, concerning the incident that gives rise to the lawsuit . . . .

(Emphasis added.)[2] The phrase "possession, custody, or control" appears in two other rules relating to discovery within the Nevada Rules of Civil Procedure. *See* NRCP 34 (requests for production); NRCP 45 (subpoenas). Under NRCP 34(a)(1), a party may be required to produce certain materials within the "party's possession, custody, or control," while under NRCP 45(a)(1)(A)(iii) a nonparty may be compelled by subpoena to produce certain materials within "that person's possession, custody, or control." This court has yet to define "possession, custody, or control" as used in these rules. Because these provisions mirror their federal counterparts, we turn to federal authority for guidance. *See Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 53, 38 P.3d 872, 876 (2002) (explaining that federal caselaw interpreting and applying the Federal Rules of Civil Procedure provides strong persuasive authority for this court when interpreting parallel provisions of the Nevada Rules of Civil Procedure).

Federal courts largely employ one of two broad standards when determining whether a party has possession, custody, or control within the meaning of the Federal Rules of Civil Procedure. First, certain courts conclude that a party has "possession, custody, or control" over documents, electronically stored information, or tangible things where the party has

---

[2]As the Department points out, the district court incorrectly applied the unamended version of NRCP 16.1 in its order instead of the version currently in effect. *See In re Creating a Comm. to Update & Revise the Nev. Rules of Civil Procedure*, ADKT 522 (Order Amending the Rules of Civil Procedures, the Rules of Appellate Procedure, and the Nevada Electronic Filing and Conversion Rules, Dec. 31, 2018) (amending the Nevada Rules of Civil Procedure to be effective prospectively on March 1, 2019, as to all pending and future cases). Because the "possession, custody, or control" language that we examine in this opinion was unaffected by the amendments to these rules, the error does not affect our analysis.

actual possession of or a legal right to obtain the same. *See, e.g., Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 821 (5th Cir. 2004) (determining that a subpoena requesting all documents to which the party had "access" was overbroad and restricting the scope of the subpoena to documents within the party's "possession, custody, or control" (internal quotation marks omitted)); *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (rejecting a proposed definition of "control" that emphasized "the party's practical ability to obtain the requested documents" in favor of the legal control test); *In re Bankers Tr. Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (explaining that "documents are deemed to be within the 'possession, custody or control' . . . if the party has *actual* possession, custody or control, or has the legal right to obtain the documents on demand"); *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427 (7th Cir. 1993) ("[T]he fact that a party could obtain a document if it tried hard enough and maybe if it didn't try hard at all does not mean that the document is in its possession, custody, or control."); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) (defining control "as the legal right to obtain the documents requested upon demand").

Other courts interpret "possession, custody, or control" as requiring a party to produce documents, electronically stored information, or tangible things if a party has actual possession of them or the practical ability to produce them—even absent an accompanying legal right to such material. *See, e.g., Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) (explaining that a party must produce documents "if a party has access and the practical ability to possess [them]"); *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 361 (D. Md. 2012) (explaining that "documents are considered to be under a party's control

when that party has the right, authority, or practical ability to obtain the documents from a non-party" (internal quotation marks omitted)); *Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 517 (D. Kan. 2007) ("Production of documents not in a party's possession is required if a party has the *practical ability* to obtain the documents from another, irrespective of legal entitlements to the documents." (internal quotation marks omitted)).

Having considered these competing interpretations, we are persuaded by those courts that use the legal control standard when determining whether a party has possession, custody, or control. We thus construe "possession, custody, or control," pursuant to the Nevada Rules of Civil Procedure, as meaning actual possession or "legal control," as that approach best prevents unreasonable results. *See Leven v. Frey*, 123 Nev. 399, 405, 168 P.3d 712, 716 (2007) (explaining that "[w]hen construing an ambiguous statutory provision," a statute's language must be read to produce reasonable results). While we recognize that a practical ability approach may be preferential in certain situations, we ultimately agree with the Ninth Circuit Court of Appeals that "[o]rdering a party to procure documents that it does not have the legal right to obtain will oftentimes be futile, precisely because the party has no certain way of getting those documents." *Citric Acid*, 191 F.3d at 1108; *see also* 8B Charles Alan Wright et al., *Federal Practice and Procedure* § 2210 (3d ed. 2010) (cautioning courts that apply the practical ability approach to "be alert to the possibility that despite good-faith efforts parties may prove unable to obtain material from nonparties"). Furthermore, the rules of civil procedure provide a mechanism for seeking materials from a nonparty. NRCP 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents,

electronically stored information, and tangible things or to permit an inspection."). Importantly, NRCP 45 also grants nonparties subject to a subpoena certain protections, such as quashing or modifying the subpoena if it unduly burdens the nonparty. NRCP 45(c)(3)(A)(iv).

We conclude that the legal control test likewise best supports the purpose of these rules by ensuring that nonparties receive these intended safeguards. Accordingly, we hold that documents, electronically stored information, or tangible things are within a party's "possession, custody, or control" within the meaning of the Nevada Rules of Civil Procedure if the party has either actual possession of or the legal right to obtain the same. We now turn to whether the district court's discovery order is enforceable.

*The Department does not have possession, custody, or control of the Manpower workers' cell phones*

In order for the district court's discovery order to stand, the Department must either have actual possession or the legal right to the contents of the Manpower workers' personal cell phones. The parties do not contend that the Department has actual possession of the cell phones or their content; rather, the pertinent inquiry is whether the Department has the legal right to seize and copy the contents of the Manpower workers' cell phones.

The Department maintains that it lacks any legal right to the content of the cell phones. To support this, the Department highlights its attenuated relationship with the Manpower workers as temporary workers hired through and paid by Manpower. The Department continues that its contract with Manpower explicitly states that neither Manpower "nor its employees, agents, nor representatives shall be considered employees, agents, or representatives of the State." Furthermore, the Department

maintains that the discovery order would not only force the Department, a government entity, to seize the personal property of nonparty citizens, but it impermissibly sidesteps the procedural protections available in NRCP 45 when litigants subpoena nonparties.

Nevada Wellness argues that the Department's contract with Manpower grants the Department legal control over the contents of the Manpower workers' cell phones.[3] Specifically, Nevada Wellness cites to the following contract provisions to support this position:

> A. Books and Records. [Manpower] agrees to keep and maintain under generally accepted accounting principles (GAAP) full, true and complete records, contracts, books, and documents as are necessary to fully disclose to the State or United States Government, or their authorized representatives, upon audits or reviews, sufficient information to determine compliance with all State and federal regulations and statutes.

---

[3]Nevada Wellness also relies on our decision in *Comstock Residents Ass'n v. Lyon County Board of Commissioners*, 134 Nev. 142, 414 P.3d 318 (2018), to support the Department's obligation to disclose the contents of the Manpower workers' cell phones. In *Comstock*, we concluded that the Nevada Public Records Act (NPRA) "does not categorically exempt public records maintained on private devices or servers from disclosure," 134 Nev. at 149, 414 P.3d at 323, such that communications regarding official business contained on county commissioners' private cell phones and email accounts "may still constitute a public record subject to disclosure upon request," *id*. at 147-48, 414 P.3d at 323. However, our decision in *Comstock* is inapposite to the case at bar. Not only did *Comstock* concern the NPRA, as opposed to the Nevada Rules of Civil Procedure, but our decision turned on the fact that "the commissioners themselves are governmental entities." *Id*. at 148, 414 P.3d at 323. The same cannot be said of the Manpower workers here.

B. Inspection & Audit. [Manpower] agrees that the relevant books, records (written, electronic, computer related or otherwise), including, without limitation, relevant accounting procedures and practices of [Manpower] or its subcontractors, financial statements and supporting documentation, and documentation related to the work product shall be subject, at any reasonable time, to inspection, examination, review, audit, and copying at any office or location of [Manpower] where such records may be found . . . .

The Department maintains that not only are the Manpower workers not parties to this contract, but that these provisions generally refer to financial books and records. We agree with the Department.

Even under a generous interpretation of these contract provisions, we cannot conclude that this language grants the Department the legal authority to demand that the Manpower workers turn over their personal cell phones for inspection and duplication. Instead, the contract explicitly defines and limits the Department's relationship with Manpower and the Manpower workers. Accordingly, we hold that the Manpower workers' cell phones are outside the Department's "possession, custody, or control" under NRCP 16.1 and that the district court exceeded its authority when it compelled the Department to produce that information. Finally, we echo the Department's contention that Nevada Wellness may seek this same information from the Manpower workers directly via NRCP 45.

## CONCLUSION

As the Department lacks "possession, custody, or control" over the Manpower workers' cell phones pursuant to NRCP 16.1, we grant the Department's petition and direct the clerk of this court to issue a writ of

prohibition instructing the district court to vacate its order granting Nevada Wellness's motion to compel.[4]

_____, J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Cadish

_____

[4]In light of this opinion, we vacate the stay ordered by this court on March 11, 2020.